IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTIAN PEDERSEN and
SONIKA TINKER,

      Plaintiffs,                                No. CIV S-11-642 KJM EFB

     vs.

GREENPOINT MORTGAGE FUNDING,
INC., a New York corporation, et al.,         ORDER

      Defendants.
_____/

        On March 8, 2011, plaintiffs filed an action against Greenpoint Mortgage Funding, Inc., Marin Conveyancing Corp., Mortgage Electronic Registration Systems, Inc., Quality Loan Service Corp., Aurora Loan Services, LSI Title Company, Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2007-AR1 and twenty Doe defendants, alleging violations of the Homeowners Equity Protection Act (HOEPA), 15 U.S.C. § 1639 et seq.; the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601, et seq.; the Truth in Lending Act (TILA), 15 U.S.C. § 1601, et seq. and Regulation Z § 226.4; fraudulent misrepresentation; breach of fiduciary duty; unjust enrichment; civil conspiracy; RICO; quiet title; usury and fraud; wrongful foreclosure; and breach of trust instruments.

/////

/////

On April 7, 2011, plaintiffs filed a motion for a temporary restraining order, alleging that a trustee's sale of their house is scheduled for April 11, 2001, but that the deed of trust was materially flawed and that defendants do not have the legal authority to foreclose on plaintiffs' property. ECF No. 9. Because the motion did not include counsel's certification of her efforts to notify the adverse parties as required by Rule 65(b)(1)(B) of the Federal Rules of Civil Procedure and Local Rule 231(a) & (c), the court gave counsel a period of time to provide information required by the rules. ECF No. 10. Although counsel's declaration was not filed within the prescribed time period, the court considered it. ECF 11. The court then directed counsel to notify the adverse parties of their right to file opposition no later than noon on April 8, 2011. ECF No. 13. Defendants have not filed anything as of the signing of this order.

I. <u>Standards For The Issuance Of A Temporary Restraining Order</u>

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, a court applies the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . balance of equities tips in [its] favor, and . . . an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, ___, 129 S.Ct. 365, 374 (2008); *see Stuhlbarg Int'l. Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analyses for temporary restraining order and preliminary injunction "substantially identical").

/////

/////

1   Plaintiffs contend that defendants lack standing to foreclose because there is no
2   valid assignment of interest in plaintiffs' property to the foreclosing entities.  Moreover, they
3   assert, Greenpoint Mortgage Funding, who is listed as the "lender," was not the actual source of
4   the loan, but merely acted as the broker and so did not validly possess the beneficial interest in
5   the deed of trust.  They also argue that Aurora Loan Services fraudulently obtained plaintiffs'
6   consent to Workout Agreements, which ultimately did not prevent foreclosure and that, as a
7   result, any foreclosure is void.  ECF No. 9 at 3, 5.

8   It is indisputable that plaintiffs will be harmed if their house is sold.  *See Castillo*
9   *v. Skoba*, 2010 U.S. Dist. LEXIS 108432 at *4 (S.D. Cal. Oct. 10, 2010).  The court  must,
10  however, determine whether there is a likelihood of success on plaintiffs' underlying complaint.

11  To secure financing for the purchase of real property in California, a borrower,
12  who is the trustor, executes a promissory note and deed of trust, which transfers an interest in the
13  property to the lender, who is the beneficiary, as security for repayment of the loan.  *Lane v.*
14  *Vitek Real Estate Industries Group*, 713 F.Supp.2d 1092 (E.D. Cal. 2010).

> A deed of trust generally involves three parties, the borrower/trustor . . . who conveys the right to sell the property to the trustee for the benefit of the lender/beneficiary.  The practical effect is the creation of a lien on the subject property.  Notwithstanding that the right of sale is formally with the trustee, both the trustee and the beneficiary may commence the non-judicial foreclosure process.

19  *Parcay v. Shea Mortgage Inc.*, 2010 WL 1659369 at *12 (E.D. Cal. 2010).
20  /////
21  /////
22  /////
23  /////
24  /////
25  /////
26  /////

1   The California Civil Code provides a "'comprehensive statutory framework'" governing
2 non-judicial foreclosures.  *Lane*, 713 F.Supp.2d at 1098, *quoting Moeller v. Lien*, 25 Cal.
3 App.4th 822, 834 (1994).

> Under California Civil Code section 2924(a)(1), a 'trustee, mortgagee, or beneficiary or any of their authorized agents' may conduct the foreclosure process.  Under California Civil Code section 2924b(b)(4), a 'person authorized to record the notice of default or notice of sale' includes 'an agent for the mortgagee or beneficiary, an agent of the named trustee, or an agent of that substituted trustee.'  'Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale.'  *Moeller*, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777.  There is no stated requirement in California's non-judicial foreclosure scheme that requires a beneficial interest in the Note to foreclose.  Rather, the statute broadly allows a trustee, mortgagee, beneficiary, or any of their agents to initiate nonjudicial foreclosure.  Accordingly, the statute does not require a beneficial interest in both the Note and the Deed of Trust to commence a non-judicial foreclosure sale.

*Lane*, 713 F.Supp.2d at 1098-99.[1]  Accordingly, under California law, a lender may pursue non-judicial foreclosure following default if the deed of trust contains a power of sale clause.  *Gzell v. Novastar Mortgage, Inc*., 2010 WL 3293537 at *9 (E.D. Cal. 2010).  The first step in this process is the recording of a notice of default and election to sell by the trustee.  *Id*., *quoting Moeller*, 25 Cal.App.4th at 830.

/////
/////
/////
/////
/////
/////
/////

1  In this case, the deed of trust identified GreenPoint Mortgage Funding, Inc. as the
2  lender, identified the trustee as Marin Conveyancing Corp. and the beneficiary as Mortgage
3  Electronic Registration Systems, Inc. (MERS). ECF No. 9-3 at 3. The deed continues:

> TRANSFER OF RIGHTS IN THE PROPERTY
> The beneficiary of this Security Interest is MERS (solely as nominee[2] for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of the Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the . . . described property. . . .

ECF No. 9-3 at 4. MERS is "a national electronic registry that tracks the transfer of ownership interests and servicing rights in mortgage loans." *Gomes v. Countrywide Home Loans, Inc*., 192 Cal.App.4th 1149, 121 Cal.Rptr. 3d 819, 822 (2011), *pet. for rev. filed* 3/29/11.

> Through the MERS System, MERS becomes the mortgagee of record for participating members through assignment of the members' interests to MERS. MERS is listed as the grantee in the official records maintained at county register of deeds offices. The lenders retain the promissory notes, as well as the servicing rights to the mortgages. The lenders can then sell these interests to investors without having to record the transaction in the public record.

*Id*. at 821.

/////

/////

/////

/////

/////

---

[2] A "nominee" is "a person who is designated to act in place of another" or one "who holds bare legal title for the benefit of others or who receives and distributes funds for the benefit of others." *Black's Law Dictionary* 1072 (7th Ed. 1999).

The deed in this case also provides:

> Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by the Lender and recorded in the office of the Recorder of the county in which the Property is located.  The instrument shall contain the name of the original Lender, Trustee and Borrower . . . and the name and address of the successor trustee.  Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein . . .

ECF No. 9-3 at 14 ¶ 24.

On December 15, 2008 at 2:46 p.m., the Placer County Recorder recorded a "Notice of Default and Election To Sell Under Deed of Trust."  This provided:

> NOTICE IS HEREBY GIVEN: That the undersigned is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 4/3/2007 . . . to secure certain obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR GREENPOINT MORTGAGE FUNDING, INC., as beneficiary, recorded 4/17/2007 . . .

ECF No. 9-6 at 3.  The document identifies "Quality Loan Service Corp., AS AGENT FOR BENEFICIARY" and is signed by "Karen Glenn as Authorized Agent."[3]  Thereafter, on January 13, 2009, "Quality Loan Service Corp." sent a "Debt Validation Notice" to plaintiffs, listing the delinquency owed as of December 15, 2008 as $9,393.63.  ECF No. 9-7 at 2.

On January 28, 2009, the Placer County Recorder's Office recorded a "Substitution of Trustee," by which MERS substituted Quality Loan Service Corporation as trustee.  ECF No. 9-8 at 2.  Although the substitution is dated December 15, 2008, and signed by Mary Jane Sarne, identified as Vice President of MERS, it was not notarized until December 29, 2008.

On March 17, 2009, Quality Loan Service Corp. recorded a Notice of Trustee's Sale.  ECF No. 9-9 at 2.

---

[3] The signature is hard to read, but the name appears to be "Karen Glenn."

1    On September 2, 2010, MERS assigned its beneficial interest in the deed of trust
2 to Aurora Loan Services LLC.  ECF No. 9-10 at 2.  Thereafter plaintiffs corresponded with
3 Aurora in an attempt to remedy the default and prevent the sale.  ECF Nos. 9-12 at 2-54;
4 Declaration of Christian Pedersen and Sonika Tinker (Pedersen/Tinker Decl.) ¶¶ 7, 10-13.
5    Plaintiffs first allege that Greenpoint was never the lender and so could not
6 validly designate MERS as its nominee.  They aver:

> We have been able to determine that US Bank, N.A., as Indenture
> Trustee for the Greenpointmortgage Pass-Through Trust, has been
> secreting their interests from us as a [*sic*] consumer and that, in
> fact, the original-named lender, Greenpoint Mortgage never loaned
> us anything of substance, nor did they extend us their credit.
> Rather, they relied upon the proceeds from the sales of mortgage-
> backed securities as the principal source of capital used in the
> funding paid to escrow on Tinker's account.

12 Pedersen/Tinker Decl. ¶ 14.  Plaintiffs have provided nothing but their own declaration in
13 support of this claim; the declaration is insufficient to show that Greenpoint lacked any authority
14 to appoint MERS as a nominee or take any other action in connection with the deed of trust or
15 note.  Moreover, to the extent plaintiffs argue that the note was separated from the deed of trust
16 and transferred to a REMIC loan pool, their argument is only that: they have presented no
17 evidence in support of their claim.  *See Lane*, 713 F.Supp.2d at 1099 ("the argument that parties
18 lose their interest in a loan when it is assigned to a trust pool has also been rejected by many
19 district courts.").

20    The records do show that the substitution of Quality Loan Services as Trustee
21 occurred after the filing of the Notice of Default.  Courts have been concerned that "recording
22 assignments with back-dated effective dates may be improper, and thereby taint the notice of
23 default."  *Ohlendorf v. American Home Mortgage Servicing, et al.,* 2010 U.S. Dist. Lexis 31098
24 at *22 (E.D. Cal. 2010); *Castillo v. Skoba*, 2010 U.S. Dist. Lexis 108432 at *7 (S.D. Cal. 2010).
25 However, the Notice of Default is signed by Quality Loan Services "as authorized agent."
26 Plaintiffs have made absolutely no showing that this entity was not acting as an agent for MERS,

1  which, as nominee, did have the authority to foreclose. *Lane*, 713 F.Supp.2d at 1099;
2  *Magdaleno v. Indymac Bancorp., Inc.*, __ F.Supp.2d __, 2011 WL 338493 at *6 (E.D. Cal.
3  2011).
4        Finally, plaintiffs contend that Aurora lulled them into a belief that they could
5  cure the default. They have not offered a coherent theory why this should stop the foreclosure,
6  on the record before the court. Even assuming that Aurora's workout agreements were a sham
7  and illusory, as plaintiffs contend, plaintiffs have not demonstrated that the payments they made
8  over the course of several months cured the default.
9        IT IS THEREFORE ORDERED that plaintiffs' application for a temporary
10 restraining order (ECF No. 9) and application for an order to show cause is denied.
11 DATED: April 8, 2011.

                                           UNITED STATES DISTRICT JUDGE