1   **McCARTHY & HOLTHUS, LLP**
2   James Hester, Esq. (SBN:  122133)
    Melissa Robbins Coutts, Esq. (SBN: 246723)
3   1770 Fourth Avenue
    San Diego, CA  92101
    Telephone:    (619) 685-4800
4   Facsimile:    (619) 685-4811
    Email:        jhester@mccarthyholthus.com
5                 mcoutts@mccarthyholthus.com

6   Attorneys for Defendants,
    Aurora Loan Services LLC and
7   Mortgage Electronic Registration Systems, Inc.

8                **UNITED STATES DISTRICT COURT**

9                **EASTERN DISTRICT OF CALIFORNIA**

10  CHRISTIAN PEDERSEN and SONIKA          Case No.  2:11-CV-00642-KJM -EFB
    TINKER,
11                                         **MEMORANDUM OF POINTS AND**
                                           **AUTHORITIES IN SUPPORT OF**
12                          Plaintiffs,    **MOTION TO DISMISS COMPLAINT**
                                           **PURSUANT TO RULE 12(b)(6); AND**
13  v.                                     **MOTION TO EXPUNGE RECORDED**
                                           **LIS PENDENS**
14  GREENPOINT MORTGAGE FUNDING,
    INC., a *New York corporation*, MARIN   Date: May 25, 2011
15  CONVEYANCING CORP.; MORTGAGE           Time: 10:00 a.m.
    ELECTRONIC REGISTRATION SYSTEMS,       Ctrm:  3
16  INC.; QUALITY LOAN SERVICE CORP.;      Judge: Hon. Kimberly J. Mueller
    AURORA LOAN SERVICES; LSI TITLE
17  COMPANY; GREENPOINT MORTGAGE
    FUNDING TRUST MORTGAGE PASS-
18  THROUGH CERTIFICATES, SERIES 2007-
    AR1; and DOES 1 THROUGH 20,
19
                            Defendants.
20  / / / /

21  / / / /

22  / / / /

23  / / / /

24

25

26

27

28

CA11-3358

# TABLE OF CONTENTS

FACTUAL BACKGROUND.................................................................................................2

POINTS & AUTHORITIES...............................................................................................3

I.   A MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) MUST BE GRANTED
     WHEN THE COMPLAINT FAILS TO SHOW THE PLAINTIFF IS ENTITLED TO
     RELIEF.......................................................................................................................3

II.  PLAINTIFFS' COMPLAINT MUST BE DISMISSED IN ITS ENTIRETY FOR
     FAILURE TO STATE A CLAIM. ..............................................................................4

     A.   Plaintiffs Have Not Stated a Cause of Action under TILA or HOEPA. ...................4

     C.   Plaintiffs Do Not Plead a Violation of the Fair Credit Reporting Act. ....................7

     D.   Plaintiffs Have Not Pleaded a Cause of Action for Fraud. ......................................8

     E.   Defendants Do Not Owe Plaintiffs Any Fiduciary Duties. .......................................9

     F.   Plaintiffs Cannot State a Claim for Unjust Enrichment. ...........................................9

     G.   Plaintiffs Have Not Pleaded Facts to Establish a Civil Conspiracy.......................10

     H.   Plaintiffs Do Not Plead a Cause of Action under RICO. ........................................11

     I.   Plaintiffs Cannot Quiet Title or Rescind the Loan Without Repaying the Debt......12

     J.   Plaintiffs Cannot State a Cause of Action for Usury. .............................................13

     K.   Plaintiffs Have Failed to Plead a Cause of Action for Wrongful Foreclosure or
          "Breach of Trust Instrument". ................................................................................14

          1.   The Notice of Default Was Properly Issued by Quality Loan Service.............14

          2.   Quality Was Properly Substituted as Trustee. ..................................................15

          3.   Defendants Had Standing to Foreclose. ...........................................................15

III. THE COURT SHOULD ORDER THE LIS PENDENS EXPUNGED BECAUSE
     THE COMPLAINT DOES NOT ESTABLISH THE PROBABLE VALIDITY OF A
     REAL PROPERTY CLAIM........................................................................................16

CONCLUSION..............................................................................................................17

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**

3

Alan Newman Prods., Inc. v. Albright,
    862 F.2d 1388 (9th Cir. 1989) ..................................................................... 12

4

Amalgamated Bank v. Superior Court,
    149 Cal. App. 4th 1003 (2007) .................................................................... 16

5

6

Ashcroft v. Iqbal,
    129 S. Ct. 1937 (2009) ................................................................................ 11

7

Balistreri v. Pacifica Police Dept.
    901 F.2d 696 (9th Cir. 1990) ......................................................................... 3

8

9

Baucum v. Le Baron
    136 Cal. App. 2d 593 (1955) ....................................................................... 12

10

Beach v. Ocwen Fed. Bank,
    523 U.S. 410 (1998) ....................................................................................... 5

11

Bell Atlantic v. Twombly
    550 U.S. 544 (2007) .................................................................................. 3, 4

12

13

Bly-Magee v. California,
    236 F.3d 1014 (9th Cir. 2001) ....................................................................... 8

14

Brown v. Investors Mortg. Co.,
    121 F.3d 472 (9th Cir. 1997) ....................................................................... 14

15

Cal. Architectural Bldg. Prods. v. Franciscan Ceramics, Inc.,
    818 F.2d 1466 (9th Cir. 1987) ..................................................................... 12

16

17

Castaneda v. Saxon Mortg. Servs.,
    2009 U.S. Dist. LEXIS 119241 (E.D. Cal Dec. 3, 2009) ........................... 15

18

19

Cleveland v. Deutsche Bank Nat'l Trust Co.,
    2009 U.S. Dist. LEXIS 7165 (S.D. Cal. Feb. 2, 2009) ................................. 8

20

Daar v. Yellow Cab Co.,
    67 Cal. 2d 695 (1967) .................................................................................. 16

21

22

Edwards v. Marin Park, Inc.,
    356 F.3d 1058 (9th Cir. 2004) ................................................................ 11, 12

23

First Nationwide Savings v. Perry
    11 Cal. App. 4th 1657 (1992) ....................................................................... 9

24

25

Gaitan v. Mortg. Elec. Reg. Sys., Inc.,
    2009 U.S. Dist. LEXIS 97117, at *34 (C.D. Cal. Oct. 5, 2009) ................. 13

26

Gomes v. Countrywide Home Loans, Inc.,
    192 Cal. App. 4th 1149 (2011) ................................................................... 15

27

28

CA11-3358

*(left margin, vertical)* **McCARTHY & HOLTHUS, LLP** ATTORNEYS AT LAW 1770 FOURTH AVENUE SAN DIEGO, CALIFORNIA 92101 TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

H.J. Inc. v. Northwestern Bell Tel. Co.,
    492 U.S. 229 (1989) .................................................................................................. 11

Hall v. Beneficial Finance Co.,
    118 Cal. App. 3d 652 (1981) ...................................................................................... 13

Hedman v. Aurora Loan Servs.
    2010 U.S. Dist. LEXIS 105993 (E.D. Cal. Sept. 27, 2010)......................................... 7

In re Countrywide Financial Corp. Mortg. Marketing & Sales Practices Litg.,
    2009 U.S. Dist. LEXIS 18227 (S.D. Cal. Feb. 5, 2009)............................................. 12

Jogani v. Superior Court,
    165 Cal. App. 4th 901 (2008) ...................................................................................... 9

Kelley v. Countrywide Home Loans,
    2009 U.S. Dist. LEXIS 99566 (E.D. Cal. Oct. 26, 2009)............................................ 7

Kelley v. Mortgage Elec. Reg. Sys., Inc.
    2009 U.S. Dist LEXIS 70796 (2009)........................................................................... 13

Kim v. Sumitomo Bank
    17 Cal. App. 4th 974 (1993) ......................................................................................... 9

Lane v. Vitek Real Estate Indus. Group,
    713 F. Supp. 2d 1092 (E.D. Cal. 2010) ...................................................................... 15

Lechtrodryer v. SeoulBank
    77 Cal. App. 4th 723 (2000) ......................................................................................... 9

Lyons v. Security Pacific National Bank
    40 Cal.App.4th 1001 (1995) ....................................................................................... 10

Malcolm v. Superior Court,
    29 Cal. 3d 518 (1981) ................................................................................................. 16

Marks v. Chicoine,
    2007 U.S. Dist. LEXIS 8521 (N.D. Cal. Jan. 18, 2007) .............................................. 4

McNall v. Credit Bureau,
    689 F. Supp. 2d 1265 (D. Or. 2010) ............................................................................. 7

Melchior v. New Line Prods., Inc.,
    106 Cal. App. 4th 779 (2003) ..................................................................................... 10

Meyer v. Ameriquest Mortgage Co.
    342 F.3d 899 (1971) ..................................................................................................... 5

Mix v. Sodd,
    126 Cal. App. 3d 386 (1981) ...................................................................................... 13

Mortgage Guarantee Co. v. Patch,
    116 Cal. App. 584 (1931) ........................................................................................... 13

Myles v. General Motors Acceptance Corp.
    1998 U.S. Dist. LEXIS 8598 (E.D. La. June 4, 1998) ................................................. 7

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

iii

Nymark v. Heart Fed. Sav. & Loan Ass'n
   231 Cal. App. 3d 1089 (1991) ................................................................. 9

Pagtalunan v. Reunion Mortg., Inc.
   2009 U.S. Dist. LEXIS 89994 ................................................................ 13

Papasan v. Allain,
   478 U.S. 265 (1986) ................................................................................. 3

Paracor Finance, Inc. v. General Electric Capital Corp.,
   96 F.3d 1151 (9th Cir. 1996) ................................................................. 10

People v. Ward Redwood Co.
   225 Cal. App. 2d 385 (1964) ................................................................. 12

Pyramid Securities Ltd. v. IB Resolution, Inc.
   924 F.2d 1114 (D.C. Cir. 1991) ............................................................ 11

Sanai v. Saltz,
   170 Cal. App. 4th 746 (2009) ................................................................. 7

Santa Maria v. Pacific Bell,
   202 F.3d 1170 (9th Cir. 2000) ................................................................. 6

Sedima, S.P.R.L. v. Imrex Co.
   473 U.S. 479 (1985). .............................................................................. 11

Shimpones v. Stickney,
   219 Cal. 637 (1934) ............................................................................... 13

Sprewell v. Golden State Warriors
   266 F.3d 979 (9th Cir. 2001) ................................................................... 3

Swartz v. KPMG LLP
   476 F.3d 756 (9th Cir. 2007) ......................................................... 2, 3, 8

Thomson v. Mortgage Inv. Co.,
   99 Cal. App. 205 (1929) ....................................................................... 13

Tucker v. Beneficial Mortg. Co.,
   437 F. Supp. 3d 584 (E.D. Va. 2006) ...................................................... 5

Turner v. Cook,
   362 F.3d 1219 (9th Cir. 2004) ............................................................... 11

Ung v. Koehler,
   135 Cal. App. 4th 186 (2005) ............................................................... 15

Waverly Productions, Inc. v. RKO General, Inc.
   217 Cal. App. 2d 721 (1963) ................................................................... 9

Weizeorick v. Abnamro Mortg. Group, Inc.
   337 F.3d 827 (7th Cir. 2003) ................................................................... 6

Yamamoto v. Bank of New York,
   329 F.3d 1167 (9th Cir. 2003) ................................................................. 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

**POINTS AND AUTHORITIES  IN SUPPORT OF  MOTION TO DISMISS PURSUANT TO RULE 12(b)(6); AND MOTION TO EXPUNGE RECORDED LIS PENDENS**

CA11-3358

## Statutes

12 C.F.R. §226.32(a)(1) .................................................................................. 4

12 U.S.C. § 1735f-7a(a)(1) ............................................................................ 14

12 U.S.C. § 2614 ............................................................................................ 6

15 U.S.C. § 1601 ............................................................................................ 4

15 U.S.C. § 1602 ............................................................................................ 4

15 U.S.C. § 1635(a) ........................................................................................ 5

15 U.S.C. § 1635(f) ........................................................................................ 5

15 U.S.C. § 1639 ............................................................................................ 4

15 U.S.C. § 1640 ............................................................................................ 5

15 U.S.C. § 1681 ............................................................................................ 7

15 U.S.C. § 1681(b) ........................................................................................ 7

15 U.S.C. § 1681a(f) ...................................................................................... 7

15 U.S.C. § 1681s-2(b) .................................................................................. 7

15 U.S.C. 1602(aa)(1),(3) ............................................................................. 4

18 U.S.C. § 1962 ............................................................................................ 11

Cal. Civ. Code § 2924(a)(1) .......................................................................... 14

Cal. Civ. Code § 2934a ................................................................................. 15

Cal. Code Civ. Pro. § 405.32 ........................................................................ 16

Cal. Code Civ. Pro. §§ 405.20, 405.31 ........................................................ 16

Cal. Code Civ. Proc. § 338(d) ...................................................................... 9

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

**POINTS AND AUTHORITIES  IN SUPPORT OF  MOTION TO DISMISS PURSUANT TO RULE 12(b)(6); AND MOTION TO EXPUNGE RECORDED LIS PENDENS**

CA11-3358

1    Defendant Aurora Loan Services LLC and Mortgage Electronic Registration Systems, Inc.

2  ("MERS") respectfully submit the following Points and Authorities in Support of their Motion to

3  Dismiss Plaintiffs Christian Pedersen and Sonika Tinker's Complaint, and for an order expunging

4  the Lis Pendens recorded by Plaintiff on March 8, 2011.

5    Plaintiff's Complaint was filed as a last-minute, ill-placed attempt to avoid the foreclosure

6  of real property, despite Plaintiffs' admitted default on their home loan.  Plaintiffs contend the

7  lender violated the Truth in Lending Act and other federal statutes at the time the loan was

8  originated in April 2007, and as a result of these alleged violations, Plaintiffs seek to rescind the

9  loan and avoid the $600,000 obligation they voluntarily took on.  Nevertheless, Plaintiffs' attempt

10  to rescind the loan is time-barred, as it came more than three years after the loan was originated.

11  Further, Plaintiffs have not pleaded any facts that would demonstrate that either Aurora or MERS

12  are responsible for the alleged fraud committed by the original lender.  The Complaint fails to

13  state a claim against Aurora or MERS, as it fails to plead the necessary elements to establish any

14  asserted cause of action against these Defendants.  Therefore, each of the causes of action asserted

15  against Aurora should be dismissed, and leave to amend should be denied.

16    Additionally, Aurora and MERS ask the Court to expunge the Lis Pendens that was

17  recorded by Plaintiffs, and currently acts as a cloud on title to the Subject Property.  The

18  Complaint does not state a real property claim, nor does it establish the probable validity of any

19  claims that challenge title to the property.  Accordingly, and for the reasons discussed in further

20  detail below, the Court should expunge the Lis Pendens from the Official Record of the Placer

21  County Recorder's Office.

22                    **FACTUAL BACKGROUND**

23    On or about April 3, 2007, Plaintiff Sonika Tinker borrowed $600,000.00 from GreenPoint

24  Mortgage Funding, Inc. and executed a Deed of Trust to real property commonly known as 1977

25  Green Meadow Lane, Meadow Vista, California 95722 ("Subject Property") as security for the

26  loan.  (Compl. ¶ 38; Req. for Judicial Notice Ex. A.)  The Deed of Trust was subsequently

27  assigned to Aurora.  (Req. for Judicial Notice Ex. B.)

28  / / / /

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

**POINTS AND AUTHORITIES  IN SUPPORT OF  MOTION TO DISMISS PURSUANT TO RULE 12(b)(6); AND MOTION TO EXPUNGE RECORDED LIS PENDENS**

CA11-3358

1    Plaintiff defaulted on the loan, so on December 15, 2008, Quality Loan Service
2    Corporation, acting as the agent for the beneficiary of the Deed of Trust, recorded a Notice of
3    Default.  (Req. for Judicial Notice Ex. C.)  Quality was thereafter substituted as the Trustee of the
4    Deed of Trust.  (Req. for Judicial Notice Ex. D.)

5    Plaintiff did not cure the default, so on March 17, 2009, Quality recorded a Notice of
6    Trustee's Sale.  (Req. for Judicial Notice Ex. E.)  The sale was subsequently postponed, and a
7    second Notice of Trustee's Sale was recorded on February 15, 2011.  (Req. for Judicial Notice Ex.
8    F.)  The Trustee's Sale was conducted on April 11, 2011, and the property reverted to Aurora
9    Loan Services.

10   **POINTS & AUTHORITIES**

11   **I.    A MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) MUST BE GRANTED
         WHEN THE COMPLAINT FAILS TO SHOW THE PLAINTIFF IS ENTITLED
12        TO RELIEF.**

13   Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a Defendant to bring a
14   motion to test the legal sufficiency of the allegations in a complaint.  Such a motion should be
15   granted when the plaintiff's allegations, taken as true, do not entitle the plaintiff to the relief
16   sought in the complaint.  A dismissal pursuant to Rule 12(b)(6) is required where the complaint
17   lacks a "cognizable legal theory" or does not plead facts sufficient to support a cognizable theory.
18   Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  The complaint must
19   provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause
20   of action will not do . . . ." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (citing Papasan v.
21   Allain, 478 U.S. 265, 286 (1986)).    Instead, the complaint's "factual allegations must be enough
22   to raise a right to relief above the speculative level . . . ." Id.

23   In ruling on a 12(b)(6) motion to dismiss, the Court may consider "allegations contained in
24   the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."
25   Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).  But the Court need not accept
26   unreasonable inferences or "conclusory, unwarranted deductions of fact" cast in the form of
27   factual allegations.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

28   / / / /

3
POINTS AND AUTHORITIES  IN SUPPORT OF  MOTION TO DISMISS PURSUANT TO RULE
12(b)(6); AND MOTION TO EXPUNGE RECORDED LIS PENDENS

CA11-3358

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

## II. PLAINTIFFS' COMPLAINT MUST BE DISMISSED IN ITS ENTIRETY FOR FAILURE TO STATE A CLAIM.

Plaintiffs' Complaint asserts thirteen causes of action against "All Defendants," but none of these claims are supported by sufficient facts to state a claim against Aurora or MERS that would raise their right to relief above the speculative level.  See Twombly, 550 U.S. at 555. Accordingly, the Court should grant Defendants' Motion to Dismiss for failure to state a cause of action under Rule 12(b)(6).

### A. Plaintiffs Have Not Stated a Cause of Action under TILA or HOEPA.

The Truth in Lending Act ("TILA") provides that in connection with a mortgage loan transaction, the borrower must be provided with certain disclosures regarding the costs and terms of the loan.  See 15 U.S.C. § 1601 et seq.; Yamamoto v. Bank of New York, 329 F.3d 1167, 1170 (9th Cir. 2003).  Plaintiffs contend that Defendants violated TILA by failing to accurately disclose certain finance charges.  (Compl. ¶ 74.)  Plaintiffs do not identify what charges were not disclosed, nor do they identify how the TILA disclosures they were provided when the loan was originated were inaccurate.  Without these factual details, Plaintiffs have failed to adequately plead a cause of action.

Plaintiffs also assert a violation of the Home Owners' Equity Protection Act ("HOEPA"). (Compl. ¶¶ 56-61.)  HOEPA, which was enacted as an amendment to TILA, provides additional disclosure obligations and substantive requirements for particular high-cost mortgages. 15 U.S.C. §§ 1602(aa), 1639; see also Marks v. Chicoine, 2007 U.S. Dist. LEXIS 8521, at *22 (N.D. Cal. Jan. 18, 2007) (dismissing HOEPA claim for failure to allege facts indicating the loan in question was subject to HOEPA).  To state a claim for a violation of TILA based on HOEPA's additional requirements, Plaintiffs "must allege facts supporting a conclusion that HOEPA applies to the loan at issue." Id.  Specifically, for a loan to be subject to HOEPA protections, one of two factors must be established: (1) the annual percentage rate, at consummation of the transaction, must exceed more than 10 percentage points the yield on Treasury securities having comparable periods of maturity, or (2) the total points and fees payable by the consumer at or before closing must exceed the greater of 8 percent of the loan amount or $400. 15 U.S.C. 1602(aa); see also 12 C.F.R. 226.32(a)(1).  No facts are alleged in the Complaint to demonstrate Plaintiffs had a high-

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

cost mortgage that would trigger HOEPA coverage.  Consequently, the Complaint fails to state a claim for any violation of HOEPA or TILA, and this claim must be dismissed.

Additionally, Plaintiffs' claims are time-barred.  Plaintiffs allege that as a result of the purported statutory violations, they are entitled to rescind the loan.  (Compl. ¶¶ 62, 64(A), 76.)  Section 1635 allows a borrower to rescind a consumer credit transaction within three business days following consummation of the transaction, or within three days after the borrower is provided with required material disclosures.  15 U.S.C. § 1635(a).  However, even in situations where the borrower does not receive material disclosures, the right to rescind is subject to a three-year statute of limitations.  15 U.S.C. § 1635(f).  The Supreme Court has unequivocally stated that "§ 1635 completely extinguishes the right to rescission at the end of the 3-year period."  Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998).  Here, the loan was originated, and Plaintiffs' cause of action arose, on or about April 3, 2007, yet they did not file their Complaint until March 8, 2011, nearly four years later.  (See Req. for Judicial Notice Ex. A.)  Because the Complaint was filed more than three years after the loan was originated, Plaintiffs are absolutely barred from asserting a cause of action for rescission under TILA or HOEPA.

Likewise, any claim for monetary damages is also time-barred.  A plaintiff seeking damages under TILA must file suit within one year of the date of the alleged violation.  15 U.S.C. § 1640(e).  As noted in Meyer v. Ameriquest Mortgage Co.,

> The failure to make the required disclosures occurred, if at all, at the time the loan documents were signed.  The Meyers were in full possession of all information relevant to the discovery of a TILA violation and section 1640(a) damages claim on the day the loan papers were signed.  The Meyers have produced no evidence of undisclosed credit terms or of fraudulent concealment or other action on the part of Ameriquest that prevented the Meyers from discovering their claim.

Meyer v. Ameriquest Mortgage Co., 342 F.3d 899, 901 (9th Cir. 1971); see also Tucker v. Beneficial Mortg. Co., 437 F. Supp. 3d 584, 589 (E.D. Va. 2006) ("If the violation is one of disclosure in a closed-end credit transaction, the date of the occurrence of the violation is no later than the date the plaintiff enters the loan agreement." (internal quotation omitted)).  Although Plaintiffs' cause of action arose when the loan was originated in April 2007, the Complaint was

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

POINTS AND AUTHORITIES  IN SUPPORT OF  MOTION TO DISMISS PURSUANT TO RULE 12(b)(6); AND MOTION TO EXPUNGE RECORDED LIS PENDENS

CA11-3358

1  not filed until March 8, 2011, long after the one-year statute of limitations expired.  Therefore,

2  Plaintiffs cannot state a cause of action for monetary damages under TILA or HOEPA.

3  **B.**    **Plaintiffs Cannot State a Claim under RESPA.**

4  Plaintiffs' Second Cause of Action alleges Defendants violated the Real Estate Settlement

5  Procedures Act ("RESPA") by accepting "charges for the rendering of real estate services which

6  were in fact charges for other than services actually performed," in purported violation of 12

7  U.S.C. § 2607.   (Compl. ¶ 70.)   Plaintiffs do not specifically identify any fees that were

8  improperly charged to them, or who those fees were paid to.  Notably, neither Aurora nor MERS

9  is alleged to have received any of those improper fees.  To state a cause of action for violation of

10  Section 2607, the Complaint "must allege that the defendant shared an unearned fee with a third

11  party to the real estate transaction."  Weizeorick v. Abnamro Mortg. Group, Inc. 337 F.3d 827 (7[th]

12  Cir. 2003).  Plaintiff does not allege that either Aurora or MERS split any fees with any third

13  parties.  Thus, no cause of action is stated against these defendants.

14  Additionally, this cause of action is barred by the applicable statute of limitations.  A

15  cause of action under Section 2607 must be brought within one year after the borrower enters into

16  the loan transaction.  12 U.S.C. § 2614.  Plaintiffs entered into the loan transaction on April 3,

17  2007, but they did not file their Complaint until March 8, 2011, nearly four years later.  Because

18  they did not bring this cause of action within one year after the loan closed, it is time-barred.

19  In an attempt to avoid the statute of limitations, Plaintiffs state in conclusory fashion that

20  they did not discover the violation until September 2010, so the statute of limitations should be

21  tolled until that time.  But no concrete facts are pleaded that would establish Plaintiffs are entitled

22  to equitable tolling.  "Equitable tolling may be applied if, despite all due diligence, a plaintiff is

23  unable to obtain vital information bearing on the existence of his claim."  Santa Maria v. Pacific

24  Bell, 202 F.3d 1170, 1178 (9th Cir. 2000).  Plaintiffs cannot obtain equitable tolling merely by

25  stating that fraud was committed.  Instead, a plaintiff must allege specific facts demonstrating that

26  "despite diligent investigation of the circumstances of the injury, he or she could not have

27  reasonably discovered facts supporting the cause of action within the applicable statute of

28  limitations period."  Kelley v. Countrywide Home Loans, 2009 U.S. Dist. LEXIS 99566, at *13

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

(E.D. Cal. Oct. 26, 2009) (quoting <u>Fox v. Ethicon Endo-Surgery, Inc.</u>, 35 Cal. 4th 797, 809 (2005)). Plaintiffs have not presented any facts to support their delayed discovery theory, and accordingly, they cannot avoid the statute of limitations.

**C.   <u>Plaintiffs Do Not Plead a Violation of the Fair Credit Reporting Act.</u>**

Plaintiffs' Fourth Cause of Action asserts a violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq., claiming that "Defendants wrongfully, improperly, and illegally reported negative information as to Plaintiffs to one or more credit reporting agencies . . . ." (Compl. ¶ 79.) "The FCRA was enacted to ensure the accuracy and fairness of credit reporting." <u>Hedman v. Aurora Loan Servs.</u>, 2010 U.S. Dist. LEXIS 105993, at *9 (E.D. Cal. Sept. 27, 2010) (citing 15 U.S.C. § 1681(a)). Specifically, the FCRA is designed to require consumer reporting agencies to "adopt reasonable procedures for meeting the needs of commerce for consumer credit." <u>Id.</u> (citing 15 U.S.C. § 1681(b)). A "consumer reporting agency" is defined as "any person which, for monetary fees... regularly engages in...the practice of assembling or evaluating consumer credit information." 15 U.S.C. § 1681a(f). "The majority of the FCRA rules impose requirements upon consumer reporting agencies, rather than mortgage loan servicers or lending companies who report to such agencies." <u>Id.</u> Thus, a majority of the liability that can be imposed under the FCRA is "limited to consumer reporting agencies or users of information furnished by consumer reporting agencies....Parties who do no more than furnish information to a credit reporting agency are not covered by the federal act." <u>Id.</u> (citing <u>Myles v. General Motors Acceptance Corp.</u>, 1998 U.S. Dist. LEXIS 8598, at *4-5 (E.D. La. June 4, 1998)).

Plaintiffs' cause of action is based on Section 1681s-2(b) of the FCRA, which imposes requirements on furnishers of credit information to investigate consumer disputes. <u>See</u> 15 U.S.C. § 1681s-2(b); (Compl. ¶ 80.) However, Plaintiffs have not alleged any facts that would state a cause of action under this section, because they do not allege that either Aurora or MERS were notified by a consumer credit reporting agency that a consumer challenged information they had reported.   <u>See</u> <u>McNall v. Credit Bureau</u>, 689 F. Supp. 2d 1265, 1272-73 (D. Or. 2010); <u>Sanai v. Saltz</u>, 170 Cal. App. 4th 746, 764-65 (2009). Without facts to establish this threshold requirement, Plaintiffs have not stated a cause of action.

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

### D.   Plaintiffs Have Not Pleaded a Cause of Action for Fraud.

The elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or *scienter*); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage.  Lazer v. Superior Court, 12 Cal. 4th 631, 638 (1996); see also Cleveland v. Deutsche Bank Nat'l Trust Co., 2009 U.S. Dist. LEXIS 7165, at *8 (S.D. Cal. Feb. 2, 2009).  Under Federal Rule of Civil Procedure 9(b), a cause of action for fraud must be pled with particularity.  "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charges so that they can defend against the charge and not just deny that they have done anything wrong."  Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (citations and internal quotations omitted).

The Complaint must plead in detail "the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme."  Cleveland, 2009 U.S. Dist. LEXIS 7165, at *8 (quoting Lancaster Community Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir. 1991)); see also Lazer, 12 Cal. 4th at 645.  Rule 9(b) requires Plaintiffs to differentiate between the conduct of each Defendant and "inform each defendant separately of the allegations surrounding his alleged participation in the fraud."  Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007) (quoting Haskin v. R.J. Reynolds Tobacco Co., 995 F. Supp. 1437, 1439 (M.D. Fla. 1998)).

Plaintiff fails to identify any false statements made by Aurora or MERS.  Instead, Plaintiffs merely stated that "Defendants knowingly and intentionally concealed material information" and "Defendants also materially misrepresented material information to Plaintiffs." (Compl. ¶¶ 84, 85.)  These generalized statements are not sufficient to state a claim for fraud. Additionally, Plaintiff has not alleged facts demonstrating she suffered damages as a result of any statements made by Aurora or MERS, or that she took any actions in reliance on statements by these Defendants.

Furthermore, any cause of action based on fraud that occurred during origination of the loan is time-barred.  Fraud claims are subject to a three-year statute of limitations, but Plaintiff's loan was originated nearly four years  before the Complaint was filed.  See Cal. Code Civ. Proc. §

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

338(d); (Req. for Judicial Notice Ex. A.)  Without any details to support this cause of action, and without pleading any facts to demonstrate the three-year statute of limitations does not apply, Plaintiffs have failed to allege facts to satisfy the elements of a fraud claim.

### E.    Defendants Do Not Owe Plaintiffs Any Fiduciary Duties.

The Sixth Cause of Action attempts to claim that Defendants breached their fiduciary duties to Plaintiffs by failing to give Plaintiffs a loan that was "best suited" to them.  (Compl. ¶ 92.)  This cause of action cannot be stated against Aurora or MERS, because neither of these Defendants owe Plaintiffs any fiduciary duties.  It is well-recognized that a bank is <u>not</u> a fiduciary in the lender/borrower scenario.  As explained by the court in <u>Nymark</u>:

> To the extent this cryptic allegation may be construed as a breach of fiduciary duty, it fails as a matter of law.  The relationship between a lending institution and its borrower-client is not fiduciary in nature.  A commercial lender is entitled to pursue its own economic interests in a loan transaction.  This right is inconsistent with the obligations of a fiduciary which require that the fiduciary knowingly agree to subordinate its interest to act on behalf of and for the benefit of another.

<u>Nymark v. Heart Fed. Sav. & Loan Ass'n</u>, 231 Cal. App. 3d 1089, 1093 n.1 (1991) (internal citations omitted).  Just as in <u>Nymark</u>, a breach of fiduciary duty claim is barred as a matter of law in the present case.   Further, California courts have rejected attempts to extend fiduciary obligations to relationships where the imposition of such affirmative duty is unwarranted. <u>Kim v. Sumitomo Bank</u>, 17 Cal. App. 4th 974, 979-81 (1993).  "A mere contract or debt does not constitute or create a fiduciary relationship."  <u>Waverly Productions, Inc. v. RKO General, Inc.</u>, 217 Cal. App. 2d 721, 732 (1963).  Because Defendants do not owe Plaintiffs any fiduciary duties, this cause of action must fail.

### F.    Plaintiffs Cannot State a Claim for Unjust Enrichment.

Unjust enrichment occurs when one party obtains a benefit that he unjustly retains to the detriment of another.  <u>See Lechtrodryer v. SeoulBank</u>, 77 Cal. App. 4th 723, 726 (2000); <u>First Nationwide Savings v. Perry</u>, 11 Cal. App. 4th 1657 (1992) .  However, "unjust enrichment is not a cause of action. [Citation] Rather it is a general principle underlying various doctrines and remedies, including quasi-contract."  <u>Jogani v. Superior Court</u>, 165 Cal. App. 4th 901, 911 (2008)

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

1  (emphasis added); see also Melchior v. New Line Prods., Inc., 106 Cal. App. 4th 779, 793 (2003);

2  Paracor Finance, Inc. v. General Electric Capital Corp., 96 F.3d 1151, 1167 (9th Cir. 1996) .

3      Plaintiffs' "cause of action" for unjust enrichment alleges only that "Defendants" were

4  unjustly enriched at the expense of Plaintiffs due to "a higher interest rate, fees, rebates,

5  kickbacks, profits . . . and gains and yield spread premium fees" purportedly paid by Plaintiffs.

6  (Compl. ¶ 99.)   Beyond this broad statement, no facts are given to support this claim.

7  Furthermore, Plaintiffs do not allege how any of these purported fees would have unjustly

8  enriched Aurora or MERS, neither of whom were the original lender or mortgage broker, and who

9  are not alleged to have received any fees at the closing of the loan.

10      Furthermore, the doctrine of unjust enrichment is not applicable in cases where there is an

11  enforceable contract between the parties.  "[U]njust enrichment is an action in quasi-contract,

12  which does not lie when an enforceable, binding agreement exists defining the rights of the

13  parties."  Parcor Fin., Inc. v. GE Capital Corp., 96 F.3d 1151, 1167 (9th Cir. 1996) (citations

14  omitted).  Because there is a binding contract in existence in this case – the promissory note and

15  deed of trust – Plaintiffs' claim for unjust enrichment is misplaced.

16      **G.    Plaintiffs Have Not Pleaded Facts to Establish a Civil Conspiracy.**

17      To plead the existence of a civil conspiracy, the plaintiff must allege facts going to the

18  following elements: (1) the formation and operation of the conspiracy; (2) the wrongful act or acts

19  done pursuant thereto; and (3) the damages resulting from such act or acts.  Lyons v. Security

20  Pacific National Bank, 40 Cal. App. 4th 1001, 1018-19 (1995).  "No cause of action for

21  conspiracy can exist unless the pleaded facts show something was done which, without the

22  conspiracy, would give rise to a right of action."  Id. at 1019 (internal quotations omitted).

23      In support of this cause of action, Plaintiffs allege that Defendants entered into an

24  agreement "[i]n connection with the application for and the consummation of the mortgage loan"

25  obtained by Plaintiffs.  (Compl. ¶ 105.)  As noted several times, neither Aurora nor MERS was

26  the lender, and Aurora was not involved in any way with the original loan transaction.

27  Furthermore, no facts are pleaded that would establish an agreement between any of the parties;

28  instead, Plaintiffs merely conclude than an agreement existed.  And no facts are pleaded that

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

CA11-3358

would identify what unlawful actions were taken by Defendants in furtherance of the purported

conspiracy.  Rather, the Complaint merely states the elements of a conspiracy, without providing

any facts to demonstrate those elements have been met.  To state a cause of action, the Plaintiff

must plead "factual content that allows the court to draw the reasonable inference that a defendant

is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  "[A]

formulaic recitation of the elements of a cause of action will not do . . . ."  Twombly, 550 U.S. at

555.  Because Plaintiffs' Complaint asserts nothing more than a recitation of the elements of a

conspiracy without any factual support, the Motion to Dismiss should be granted.

## H.   Plaintiffs Do Not Plead a Cause of Action under RICO.

Plaintiffs' Ninth Cause of Action contends that Defendants have violated the Racketeer

Influenced and Corrupt Organizations Act ("RICO").  RICO, which was enacted by Congress to

combat organized crime, provides liability for:

> "any person" who uses or invests income derived "from a pattern of racketeering
> activity" to acquire an interest in or to operate an enterprise engaged in interstate
> commerce, § 1962(a); who acquires or maintains an interest in or control of such
> an enterprise "through a pattern of racketeering activity," § 1962(b); [or] who,
> being employed by or associated with such an enterprise, conducts or participates
> in the conduct of its affairs "through a pattern of racketeering activity," §
> 1962(c)[.]

H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 232-33 (1989).  In order to state a cause of

action under RICO, plaintiff must allege the existence of (1) a "person," (2) an "enterprise," and

(3) a "pattern" of "racketeering activity."  See 18 U.S.C. § 1962; Pyramid Securities Ltd. v. IB

Resolution, Inc., 924 F.2d 1114, 1116 (D.C. Cir. 1991) (quoting Sedima, S.P.R.L. v. Imrex Co.,

473 U.S. 479, 496 (1985)); see also Turner v. Cook, 362 F.3d 1219, 1228 (9th Cir. 2004) (citing

Sun Sav. & Loan Ass'n v. Dierdorff, 825 F.2d 187, 191 (9th Cir. 1987)).  Here, no facts are

provided by Plaintiffs that would establish any of these required elements.  Plaintiffs merely

conclude that Defendants constitute an "enterprise" with the joint objective to defraud the

Plaintiffs, but they do not provide any facts to support this generalized claim.

Claims brought under RICO, like allegations of fraud in other contexts, must be pled with

particularity under Federal Rule of Civil Procedure 9(b).  Edwards v. Marin Park, Inc., 356 F.3d

1058, 1065-66 (9th Cir. 2004) (citing Alan Newman Prods., Inc. v. Albright, 862 F.2d 1388, 1392

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA  92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

11

(9th Cir. 1989)).  Plaintiffs must provide specific allegations of the time, place and nature of the alleged communications that constitute mail or wire fraud, and the persons who made them.  Id. at 1066; Alan Neuman Prods., 862 F.2d at 1392 (finding the failure to identify the alleged predicate acts with specificity regarding time, place, and nature of the acts was a fatal defect to RICO claim).  The timing and substance of the communications that are alleged to constitute the acts of fraud must be pleaded with specificity.  See In re Countrywide Financial Corp. Mortg. Marketing & Sales Practices Litg., 2009 U.S. Dist. LEXIS 18227, at *40-41 (S.D. Cal. Feb. 5, 2009) (finding RICO fraud complaint lacked required specificity where it alleged only that misrepresentations were made prior to plaintiffs' refinance loan).  Plaintiffs' Complaint provides none of the required details.

Furthermore, Plaintiffs appear to rest their RICO claims on the fact that misrepresentations were made to Plaintiffs by the original lender of their mortgage loan.  But this is not sufficent to establish a pattern of racketeering activity, which is required to state a claim under RICO.  A pattern of racketeering cannot be established by "a single fraud perpetrated on a single victim." Cal. Architectural Bldg. Prods. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1469 (9th Cir. 1987), Yet this is exactly what Plaintiffs allege – fraud during the origination of a single mortgage loan in 2007.  Because no pattern of activity can be pleaded, no cause of action with lie under RICO.

**I.     Plaintiffs Cannot Quiet Title or Rescind the Loan Without Repaying the Debt.**

California Code of Civil Procedure section 761.020 provides that a complaint seeking to quiet title to real property be verified and include specific information.  An action for Quiet Title may be brought to establish title against adverse claims to real or personal property or any interest therein.  The purpose of pursuing a Quiet Title action is the Plaintiff's desire to have conflicting claims against an interest in property settled.  Baucum v. Le Baron 136 Cal. App. 2d 593, 595 (1955) ("It is now well settled that the court may finally determine as between the parties in a quiet title action all of the conflicting claims regarding any estate or interest in the property.").

"[I]n an action to quiet title the plaintiff must recover on the strength of his own title and not on the weakness of defendant's title."  People v. Ward Redwood Co. 225 Cal. App. 2d 385, 386 (1964) (citations omitted).  In support of this cause of action, Plaintiffs state only that they

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

want to rescind the loan, and that Defendants do not have any interests in the property.  (Compl. ¶¶ 123, 125.)  This cause of action fails to state a claim for relief because Plaintiffs have not tendered or offered to tender the balance remaining on the loan secured by the Deed of Trust, so they cannot quiet title against the interest of Aurora, which purchased the property at the Trustee's Sale.  "It is well settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured."  Shimpones v. Stickney, 219 Cal. 637, 649 (1934); see also Mix v. Sodd, 126 Cal. App. 3d 386, 390 (1981).

"A basic requirement of an action to quiet title is an allegation that plaintiffs 'are the rightful owners of the property, *i.e.,* that they have satisfied their obligations under the Deed of Trust.'"  Gaitan v. Mortg. Elec. Reg. Sys., Inc., 2009 U.S. Dist. LEXIS 97117, at *34 (C.D. Cal. Oct. 5, 2009) (quoting Kelley v. Mortgage Elec. Reg. Sys., Inc., 642 F. Supp. 2d 1048, 1057 (2009)); see also Pagtalunan v. Reunion Mortg., Inc., 2009 U.S. Dist. LEXIS 89994, at *11 (N.D. Cal. Sept. 29, 2009) (dismissing quiet title action because plaintiff did not offer to return the loan principal); Cross v. Downey S&L Ass'n, 2009 U.S. Dist. LEXIS 17946 (C.D. Cal. Feb. 23, 2009) (same).  Because Plaintiffs have not repaid the loan underlying the Deed of Trust, they cannot quiet title to the property or rescind their loan.

## J.  Plaintiffs Cannot State a Cause of Action for Usury.

A cause of action for usury arises where a creditor charges a debtor an excessive interest rate.  See Hall v. Beneficial Finance Co., 118 Cal. App. 3d 652, 654 (1981).  In a complaint based on usury, the alleged excessive interest must be clearly set out.  Mortgage Guarantee Co. v. Patch, 116 Cal. App. 584 (1931).  It is not sufficient to set forth a conclusion that the transaction was usurious; facts must be pleaded from which usury appears.  Thomson v. Mortgage Inv. Co., 99 Cal. App. 205, 278 (1929).  Plaintiffs have not identified how the interest rate on their loan was usurious, instead stating generally that Defendants schemed to "use Plaintiffs' interest in the real property to collect interest in excess of the legal rate."  (Compl. ¶ 133.)  This is not sufficient to state a claim for usury, as it does not present any facts but merely concludes that the interest charged was usurious.

/ / / /

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

Furthermore, Plaintiffs cannot state a cause of action for usury because California's usury laws are preempted by federal law. The Depository Institutions Deregulation and Monetary Control Act provides that mortgages or loans "secured by a first lien on residential real property" are exempted from state usury laws. 12 U.S.C. § 1735f-7a(a)(1); <u>see</u> <u>Brown v. Investors Mortg. Co.</u>, 121 F.3d 472, 475 (9th Cir. 1997). Plaintiffs' loan at issue in this action is secured by a first-position Deed of Trust on the Subject Property. Accordingly, it falls within the Act, and any claim based on violation of state usury laws will be preempted by the federal statute.

**K.** **Plaintiffs Have Failed to Plead a Cause of Action for Wrongful Foreclosure or "Breach of Trust Instrument".**

Finally, Plaintiffs contend in the Twelfth and Thirteenth Causes of Action that the foreclosure is wrongful and should be set aside because Quality Loan Service was not properly substituted as Trustee before recording the Notice of Default, and because Defendants were not the beneficiaries with standing to foreclose. (<u>See</u> Compl. ¶¶ 142-43, 147-48.) Neither assertion has any merit.

**1. The Notice of Default Was Properly Issued by Quality Loan Service.**

Plaintiffs assert the foreclosure was void because the Notice of Default was issued and recorded by Quality Loan Service Corporation before Quality was appointed Trustee of the Deed of Trust. (Compl. ¶ 147.) The Notice of Default was signed by Quality and recorded on December 15, 2008, yet the Substitution of Trustee was not recorded until January 28, 2009. (See Req. for Judicial Notice Exs. C, D.) Nevertheless, these facts are not sufficient to state a cause of action for wrongful foreclosure, because Quality was permitted to issue the Notice of Default as agent for the beneficiary, even before it was formally substituted as Trustee. Civil Code § 2924 provides that a notice of default may be issued by the "trustee, mortgagee, or beneficiary, or any of their authorized agents . . . ." Cal. Civ. Code § 2924(a)(1). Accordingly, Plaintiffs cannot demonstrate the foreclosure was improper, because the Notice of Default was issued in full compliance with California's statutory foreclosure framework.

////

////

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

### 2.  Quality Was Properly Substituted as Trustee.

Plaintiffs also assert the Substitution of Trustee was void because it was not executed in compliance with California Civil Code § 2934a.  (Compl. ¶ 147.)  This argument is unavailing. California nonjudicial foreclosure law is clear that the beneficiary of a Deed of Trust has authority to substitute the trustee and advance the foreclosure.  Cal. Civ. Code §§ 2924(a)(1), (b)(4), § 2934a(a)(1)(A); <u>see</u> <u>Ung v. Koehler</u>, 135 Cal. App. 4th 186, 192 (2005)  ("[I]f the deed of trust contains an express provision granting a power of sale . . . the beneficiary may pursue nonjudicial foreclosure.").  Here, the Substitution of Trustee was executed by MERS, the beneficiary of the Deed of Trust.  (<u>See</u> Req. for Judicial Notice Ex. A at 2, 3; Req. for Judicial Notice Ex. D.) Plaintiffs have not identified any way in which this ran afoul of California law.

### 3.  Defendants Had Standing to Foreclose.

Plaintiffs appear to contend that none of the Defendants had the power to foreclose because the loan has been bundled into a loan pool.  (Compl. ¶¶ 142-43.)  This argument has been soundly rejected by District Courts in California.  <u>See, e.g.</u>, <u>Lane v. Vitek Real Estate Indus.</u> <u>Group</u>, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) (citing <u>Benham v. Aurora Loan Servs.</u>, 2009 U.S. Dist. LEXIS 91287, at *3 (N.D. Cal. Sept. 1, 2009); <u>Hafiz v. Greenpoint Mortg. Funding,</u> <u>Inc.</u>, 652 F. Supp. 2d 1039 (N.D. Cal. 2009)).  The Deed of Trust names MERS as beneficiary, and as beneficiary, MERS has the authority to pursue foreclosure upon the borrower's default. MERS also has the authority to assign its beneficial interest in the Deed of Trust, as it did in this case.  (<u>See</u> Req. for Judicial Notice Ex. B); <u>Castaneda v. Saxon Mortg. Servs.</u>, 2009 U.S. Dist. LEXIS 119241, at *13-14 (E.D. Cal Dec. 3, 2009) (recognizing that as the beneficiary of the deed of trust, MERS had the power to execute an assignment of the deed) <u>Pantoja v. Countrywide</u> <u>Home Loans, Inc.</u> 640 F. Supp. 2d 1177, 1189-90 (N.D. Cal. July 9, 2009) (rejecting plaintiff's attempt to "ignore the plain language of the Deed of Trust" and finding that MERS had power to foreclose because deed of trust explicitly named MERS as beneficiary); <u>see also</u> <u>Gomes v.</u> <u>Countrywide Home Loans, Inc.</u>, 192 Cal. App. 4th 1149, 1157-58 (2011).

////

////

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

**POINTS AND AUTHORITIES  IN SUPPORT OF  MOTION TO DISMISS PURSUANT TO RULE**
**12(b)(6); AND MOTION TO EXPUNGE RECORDED LIS PENDENS**
CA11-3358

Plaintiffs have not pleaded any facts that would demonstrate the foreclosure was wrongful in any way, and accordingly, the Court should grant Defendants' Motion to Dismiss, without leave to amend any cause of action asserting wrongful foreclosure.

## III.   THE COURT SHOULD ORDER THE LIS PENDENS EXPUNGED BECAUSE THE COMPLAINT DOES NOT ESTABLISH THE PROBABLE VALIDITY OF A REAL PROPERTY CLAIM.

"A party who asserts a claim to real property can record a notice of Lis Pendens, which serves as notice to prospective purchasers, encumbrancers and transferees that there is litigation pending that affects the property." Amalgamated Bank v. Superior Court, 149 Cal. App. 4th 1003, 1011 (2007) (citation omitted).   This "acts as a cloud against the property, effectively preventing sale or encumbrance until the litigation is resolved or the Lis Pendens is expunged." Id. As noted by the California Supreme Court, due to the relative ease with which a plaintiff can record a Lis Pendens, the procedure is subject to abuse.  Id.; see Malcolm v. Superior Court, 29 Cal. 3d 518, 523-24 (1981).  Accordingly, the California legislature revised the applicable code section in 1992 to allow Courts to expunge improperly-recorded Lis Pendens.

Under the revised law, a person who has in interest in real property against which a Lis Pendens was recorded can bring a motion to expunge.  The motion must be granted unless the recording party establishes "that he is likely to prevail on the merits, in much the same fashion as one seeking an attachment must show the probable merit of the underlying lawsuit." Amalgamated Bank, 149 Cal. App. 4th at 1012 (citing Cal. Code Civ. Pro. §§ 481.190, 484.090(a)(2)).   The party claiming a right to maintain the Lis Pendens has the burden of establishing the existence of a real property claim and the probable validity of that claim by a preponderance of the evidence.  Cal. Code Civ. Pro. § 405.32.

A Lis Pendens must be based on an action that asserts a "real property claim." Cal. Code Civ. Pro. §§ 405.20, 405.31.  A "real property claim" is an action that affects (a) title to, or the right to possession of, specific real property, or (b) use of an easement identified in the pleading, other than a public utility easement.  The only causes of action in Plaintiffs' Complaint that could be seen to directly challenge title to real property are the claims for quiet title, wrongful foreclosure, and rescission of the loan under TILA.  As explained in detail above, none of these

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

POINTS AND AUTHORITIES  IN SUPPORT OF  MOTION TO DISMISS PURSUANT TO RULE 12(b)(6); AND MOTION TO EXPUNGE RECORDED LIS PENDENS

CA11-3358

claims are sufficiently pled to survive dismissal.  Plaintiffs' attempt to rescind the loan is time-barred as it came more than three years after the loan was originated.  Additionally, Plaintiffs have not repaid the loan or alleged they are able to tender repayment, so they are barred from rescinding the loan or quieting title in their name.  And Plaintiffs have not pleaded any facts that would demonstrate the foreclosure of the Subject Property, which has now been completed, was wrongful or failed to comport to California's statutory requirements in any way.

Accordingly, Plaintiff has not demonstrated the probably validity of any claims that challenge title to or possession or real property.  Therefore, Defendants respectfully ask the Court to expunge the Lis Pendens from the Official Record so that it no longer acts as a cloud on title to the Subject Property.

## CONCLUSION

For the foregoing reasons, each and every cause of action in the Complaint should be dismissed.  No cause of action, based on the facts currently alleged, can survive a Rule 12(b)(6) attack.  Until and unless Plaintiffs can allege facts demonstrating that Defendants committed any specific actions in violation of state or federal law, a lawsuit such as this should not be allowed to survive.  Furthermore, the Court should order the Lis Pendens recorded by Plaintiffs expunged from the Official Record of the Placer County Recorder's Office, because Plaintiffs have not established the validity of a real property claim.

Dated:  April 15, 2011

Respectfully submitted,
**McCARTHY & HOLTHUS, LLP**

By:   ___/s/ Melissa Robbins Coutts___
Melissa Robbins Coutts, Esq.
Attorney for Defendants,
Aurora Loan Services LLC and
Mortgage Electronic Registration Systems, Inc.