1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTIAN PEDERSEN, et al.,              Civ. No.  S-11-642 KJM EFB

12            Plaintiffs,

13        v.                                  ORDER

14   AURORA LOAN SERVICES,

15            Defendant.

16

17            Defendant Aurora Loan Services' ("Aurora") motion to dismiss Christian Pedersen

18   ("Pedersen") as a plaintiff and to dismiss one claim of the Third Amended Complaint ("TAC") is

19   pending before the court.  Plaintiff Tinker filed an untimely opposition.  ECF No. 91 at 2.[1]

20   Aurora has filed a reply.  The court ordered the motion submitted without argument and now

21   GRANTS the motion to dismiss.

22   I.  BACKGROUND

23            On March 8, 2011, plaintiffs filed an action against Aurora Loan Services, LLC

24   and Mortgage Electronic Registration Systems, as well as Greenpoint Mortgage Funding, Inc.

---

[1]  The TAC contains a number of errors that the court simply notes:  It refers throughout to
"plaintiffs."  Moreover, it includes a number of allegations relating only to claims that have
previously been dismissed.  Finally, in connection with the fourth claimed false representation,
which stems from a letter Aurora sent in January 2011, the complaint alleges that plaintiff did not
realize the actions were fraudulent until she contacted an attorney in September 2010.  ECF No.
86 ¶ 56.

1

(Greenpoint), Marin Conveyancing Corp., Quality Loan Service Corp., LSI Title Company, Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2007-ARI, and twenty Doe defendants, alleging violations of the Homeowners Equity Protection Act (HOEPA), 15 U.S.C. § 1639, *et seq.*; the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601, *et seq.*; the Truth in Lending Act (TILA), 15 U.S.C. § 1601, *et seq.* and Regulation Z § 226.4; fraudulent misrepresentation; breach of fiduciary duty; unjust enrichment; civil conspiracy; RICO; quiet title; usury and fraud; wrongful foreclosure; and breach of trust instruments.

On April 7, 2011, plaintiffs filed a motion for a temporary restraining order, alleging that a trustee's sale of their house was scheduled for April 11, 2011, but that defendants did not have the legal authority to foreclose on plaintiffs' property.  (ECF 9.)  Although plaintiffs gave defendants notice of their application for a restraining order, defendants did not respond. (ECF 14.)  The court denied the application on April 8, 2011.  (ECF 15.)

Defendants Aurora and MERS filed a motion to dismiss and to expunge a lis pendens on April 15, 2011, in tandem with a request for judicial notice.  (ECFs 16, 17.)

On April 20, 2011, plaintiffs filed a motion for a preliminary injunction and on the same day, defendants Quality Loan Service Corporation and LSI Title Company filed Declarations of Non-Monetary Status under California Civil Code § 2924l.  (ECF 18.)  On May 18, 2011, plaintiffs filed objections to these declarations.  (ECF 34.)

On August 29, 2011, the court granted defendants' motion to dismiss, giving plaintiffs leave to file an amended complaint as to some of the claims.  It also overruled Quality and LSI Title's declaration of non-monetary status and denied the motion to expunge the lis pendens. It also denied plaintiffs' motion for a preliminary injunction.  (ECF 56.)

Plaintiffs filed their first amended complaint on September 16, 2011; it raised seven claims: (1) TILA violations; (2) RESPA violations; (3) fraud; (4) unjust enrichment; (5) civil RICO violations; (6) wrongful foreclosure; and (7) quiet title.  (ECF 57.)

On September 30, 2012, the court granted defendant's motion to dismiss, giving plaintiff leave to file an amended complaint as to the fraud claim against defendant Aurora only. (ECF 75.)

2

1    Plaintiffs filed their second amended complaint (SAC) on October 22, 2012.  (ECF

2    76.)  The complaint was limited to a single cause of action for fraud, but alleged six individual

3    communications, each of which individually alleges fraud.  (*Id.* ¶¶ 42-66.)

4    Defendants moved to dismiss the SAC on December 5, 2012, on a number of

5    grounds.  The court found plaintiffs' first three communications relating to the workout

6    agreements to be sufficiently pleaded as fraud, but dismissed the remaining three.  It also found

7    that plaintiffs had not sufficiently pleaded that plaintiff Pedersen had standing to pursue the

8    action.

9    Plaintiff filed her TAC on August 13, 2013, alleging a cause of action for fraud,

10   repeating the three false representations the court had previously found sufficient and purportedly

11   adding a fourth claim[2] based on Aurora's alleged non-compliance with the Home Affordable

12   Modification Program (HAMP).  ECF No. 8.

13   II.  ANALYSIS

14   A.  Standard for a Motion to Dismiss

15   Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to

16   dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may

17   dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged

18   under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.

19   1990).  A motion to dismiss under this rule may also challenge the sufficiency of fraud allegations

20   under the more particularized standard of Rule 9(b) of the Federal Rules of Civil Procedure. *Vess*

21   *v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

22   Although a complaint need contain only "a short and plain statement of the claim

23   showing that the pleader is entitled to relief," (Fed. R. Civ. P. 8(a)(2)), in order to survive a

24   motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to

25   'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

26   (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include

27

28   [2]   There are two headings "False Representation 3."  ECF 86 at 9-10.

1   something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or

2   "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action.'" *Id.*

3   (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to

4   dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to

5   draw on its judicial experience and common sense." *Id.* at 679. Ultimately, the inquiry focuses on

6   the interplay between the factual allegations of the complaint and the dispositive issues of law in

7   the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

8           In making this context-specific evaluation, this court must construe the complaint

9   in the light most favorable to the plaintiff and accept as true the factual allegations of the

10   complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal

11   conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted

12   in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject to

13   judicial notice" or which contradicts material attached to or incorporated by reference into the

14   complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001). A court's

15   consideration of documents attached to a complaint or incorporated by reference or a matter

16   subject to judicial notice will not convert a motion to dismiss into a motion for summary

17   judgment. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003); *Parks Sch. of Bus. v.*

18   *Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *c.f. Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th

19   Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss,

20   generally court is limited to face of the complaint on 12(b)(6) motion).

21           Aurora has asked the court to take judicial notice of a number of documents

22   relating to the purchase, foreclosure, and trustee's sale of the property at issue.  As these are not

23   relevant to the fraud claim Aurora is challenging, the court declines to take notice of these

24   documents.

25       B.  Analysis

26          i.  Fraud

27           Under Rule 9(b) of the Federal Rules of Civil Procedure, a plaintiff who alleges

28   fraud "must state with particularity the circumstances constituting the fraud," but may describe

1    generally the state of mind animating the fraud. The pleading must "'be specific enough to give

2    defendants notice of the particular misconduct . . . so that they can defend against the charge and

3    not just deny that they have done anything wrong.'" *Sanford v. Memberworks, Inc.*, 625 F.3d 550,

4    558 (9th Cir. 2010) (quoting *Kearns v. Ford Motor Co.*, 567 F.3d. 1120, 1124 (9th Cir. 2009)).

5    To avoid dismissal, the complaint must describe the time, place, and specific content of the false

6    representations and identify the parties to the misrepresentations. *Id.*; *Dooms v. Federal Home*

7    *Loan Mortg. Corp.*, No. CV F 11-0352 LJO DLB, 2011 WL 1232989, at *14 (E.D. Cal. Mar. 31,

8    2011).  In instances of corporate fraud, plaintiffs must plead the misrepresentations with

9    particularity but may plead the roles of individual defendants based on information and belief.

10   *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

11               Plaintiff Tinker alleges that an Aurora staff person told her that she qualified for a

12   modification under the HAMP program, so she should stop the loan modification with Aurora and

13   instead pursue the HAMP process.  ECF No. 86 ¶ 43.  Thereafter, in January 2011, a

14   representative of Aurora told her Aurora declined to modify her loan under HAMP because she

15   made too much money to qualify for HAMP.  *Id*.  Relying on the statement about income,

16   plaintiff divested herself of some of her rental income and reapplied for a HAMP modification.

17   *Id*. ¶ 45.   Aurora told her she could not apply for a HAMP modification more than once.  *Id*. ¶

18   46.  Aurora falsely represented, however, that it had followed the HAMP guidelines in evaluating

19   her request for a loan modification.   *Id*. ¶ 47 & Ex. G (letter from Aurora dated January 6, 2011).

20   Moreover, as plaintiff had successfully completed three trial payment periods, Aurora was

21   obligated to offer her a loan modification yet falsely claimed she did not qualify.  *Id*.  Plaintiff

22   characterizes the actions of Aurora as fraud and does not plead any other cause of action

23   stemming from this series of events.

24               Aurora argues that the letter attached as Exhibit G does not support plaintiff's

25   claim about the false representation and that plaintiff has not otherwise addressed the deficiencies

26   the court identified in dismissing this claim in its prior order.  ECF 87 at 12.  Moreover, as the

27   court noted, plaintiff attached various documentary evidence to her opposition to the previous

28   motion to dismiss, but has not incorporated this information in the TAC.  Aurora is correct:

1   plaintiff has not addressed the deficiencies the court identified in its prior order but rather has

2   made only a few cosmetic changes to the claim. As plaintiff's counsel has not been able to plead

3   this claim adequately, despite the court's prior discussion of the requirements for such a claim;

4   the court dismisses this fourth claimed fraudulent representation without leave to amend it as a

5   fraud claim.

6           ii.  Pedersen

7           Plaintiff Tinker has not addressed whether Pedersen has any standing to challenge

8   Tinker's dealings with Aurora concerning loan modification.  She apparently accepts that

9   Pedersen is no longer a plaintiff.

10          IT IS THEREFORE ORDERED that:

11          1.  Aurora's motion to dismiss, ECF 87, is granted, and

12          2.  Plaintiff Tinker's Fourth Amended Complaint, omitting Pedersen as a plaintiff

13   and eliminating the fourth fraudulent representation, is due within twenty-one days of the date of

14   this order.

15   DATED:  October 11, 2013.

_____
UNITED STATES DISTRICT JUDGE