Christopher W. Bayuk, Esq. (State Bar No. 121751)
BAYUK & ASSOCIATES, INC.
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

Telephone: (530) 903-3160
eFacsimile: (877) 266-0963

Attorneys for Plaintiff:
Sonika Tinker

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO

| | |
|---|---|
| SONIKA J.E. TINKER<br><br>PLAINTIFF,<br><br>VS.<br><br>AURORA LOAN SERVICES, LLC, AND DOES 1 TO 2O, INCLUSIVE,<br><br>DEFENDANTS | **Case: 2:11-cv-00642-KJM-EFB**<br><br>**AMENDED STIPULATION AND [PROPOSED] ORDER FOR PROTECTIVE ORDER AND/OR CONFIDENTIALITY AGREEMENT**<br><br>Judge: Kimberly J. Mueller<br>Fifth Amended Complaint: January 17, 2014<br>Trial Date: October 5, 2015 |

**COMES NOW,** Plaintiff, SONIKA J.E. TINKER, (hereinafter referred to as PLAINTIFF) and through its undersigned counsel, and Defendant, AURORA LOAN SERVICES, LLC, (hereinafter referred to as DEFENDANT), by and through their attorneys' and hereby submits this Stipulation and Order for Protective Order.

It is hereby stipulated by and between Plaintiff, Sonika J.E. Tinker, and Defendant, Aurora Loan Services, LLC, as follows:

1) The parties agree and confirm that certain material might be considered proprietary and/or trade secret, so that disclosure or publication outside the instant litigation might be harmful.

2) Any party in good faith may designate as "Confidential Material" any discovery material produced in this case, to the extent such discovery material contains or reflects trade secrets or other confidential research, development, financial, commercial or business information, business plans, sales and marketing information, or other currently valuable sensitive business information and/or proprietary material. Any discovery material that reflects or contains information of a personal or private nature to an individual can be produced in redacted form so as to eliminate the personal and private information. Documents that may be deemed in good faith "Confidential Material" may include written documents, electronic data, photographs or videotapes, testimony (including transcripts of such testimony) as well as any additional information, in any form whatever obtained by either party from the other during the course of the Proceedings. In producing documents designated as Confidential Material, the producing party may mark the face of the document to indicate its confidential nature and production pursuant to this order. The document can be replaced by an unmarked copy, if appropriate, for use at trial.

3. If the attorneys for either party contest that any document, testimony or information constitutes Confidential Material, the attorneys for the parties will consult in a good faith attempt to come to an agreement as to the document, testimony or information which is claimed to constitute Confidential Material.

4. A party shall not be obligated to challenge the confidential nature of the Confidential Material at the time it is produced, and a failure to do so shall not preclude a subsequent challenge thereto.

5. With respect to any information which the attorneys for the parties cannot agree constitutes Confidential Material, the originating or producing party will have the burden of

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

establishing that such documents, testimony or information constitute Confidential Material, giving the underlying reasons supporting its, his or her contention with regard to the contested matters.

6. In the event a party deems it necessary to file Confidential Material with the Court, for either a motion and/or trial in this matter, the parties hereby agree and confirm that they will comply and abide with the provisions and requirements of Local Rule 141 of the Eastern District of California. The parties further agree and confirm any such motion and/or request for relief as required pursuant to Local Rule 141, will be calendared in compliance with Judge Mueller's Standing Civil Order and Scheduling Order issued in this action. The parties further agree and confirm Judge Mueller retains jurisdiction to rule on such a motion and/or request.

7. Confidential Material produced or exchanged in the course of the Proceedings shall not be used for any purpose other than the settlement, prosecution or defense of the Proceedings.

8. Confidential Material shall not be made available or disclosed by the receiving party to anyone other than the following:

(a) the parties, or officers or other current or former employees of the parties in this litigation to whom it is necessary that the material be shown for purposes of the Proceedings;

(b) attorneys of record, including any attorney of a law firm designated as attorneys of record; in-house attorneys for any party which attorney is working on the Proceedings; as well as paralegals, secretaries or other employees working with such attorneys, and employees of all such attorneys to whom it is necessary that the material be shown for purposes of the Proceedings;

(c) independent (i.e., non-employee) persons retained by a party or its or his attorney solely for the purpose of discovery or assisting in the preparation of the Proceedings, such as independent experts, consultants, copy services, vendors, or other such service providers to counsel for the parties;

(d) the Court, including judicial employees and other personnel, such as court reporters;

(e) officers or employees of the party producing the Confidential Material; or

(f) any other person designated by written agreement between the parties or by subsequent order of the Court after reasonable notice to all parties.

All persons within subparagraph (c) to whom Confidential Material is disclosed shall be advised of the terms of this Order, and any such third party shall sign and date a copy of this Order prior to the disclosure of any Confidential Material to them, signifying their agreement to be subject to this Order and the jurisdiction of this Court for enforcement of same, and all such persons are hereby enjoined from disclosing such Confidential Material to any person, except in conformance with this Order.

9.  Inadvertent production by a party of material which is subject to the attorney-client privilege, the work product doctrine, or other applicable privilege shall not be deemed a waiver of said privilege. Upon written request by the producing party, the party who received said material shall return it and all reproductions thereof within five (5) court days of receipt of such receipt.

10. Witnesses at depositions taken in the Proceedings may be shown any Confidential Material without restriction during the course of their depositions and a party's ability to use, exhibit or disclose such Confidential Material at depositions taken in the matter shall not be limited. Such use will not be deemed a waiver of the provisions of this Order and will not constitute a waiver of the confidential status and treatment of the Confidential Material under the terms of this Order. Where Confidential Information is used during a deposition, the designating party may designate the deposition, in whole or in part, and exhibits thereto, as Confidential Material and subject to the terms of this Order.

11. Whenever Confidential Material is to be discussed or disclosed in a deposition, the party who produced the Confidential Material may require the exclusion from the room of any person who is not entitled to receive the Confidential Material under this Stipulation &

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

1   Order, except the witness, his or her counsel, any party and/or party representative and
2   individuals responsible for creating the stenographic or video record of the deposition.

3         12.    Except as otherwise agreed by the parties, this Stipulation & Order shall apply to
4   the treatment, handling and disposition of all Confidential Material previously produced by and
5   between the parties in the Proceedings.

6         13.    Nothing shall prevent disclosure beyond the terms of this Order if the party
7   designating the material as Confidential Material consents in writing to such disclosure or if the
8   Court, after notice to all affected parties, orders such disclosure.

9         14.    Nothing herein shall be construed as a waiver of the right of any party to object to
10  the admissibility of any evidence where such objection is based on a ground or grounds other
11  than that evidence involves Confidential Material, and nothing herein shall be construed as an
12  agreement that any Confidential Material shall be withheld from or excluded from evidence in
13  the Proceedings.

14        15.    Within thirty (30) days after the conclusion of the Proceedings (including all
15  appeals, if any), and without the necessity of any request by a party that produced Confidential
16  Material, the party that received any Confidential Material shall return to the party that produced
17  it, all Confidential Material that was produced by that party and all reproductions thereof,
18  including all Confidential Material and/or reproductions thereof that was provided to any expert,
19  consultant or third party by the receiving party.  Insofar as the provisions of this or any other
20  protective order entered in the Proceedings restrict the communication, disclosure and use of the
21  documents and information produced thereunder, such order shall continue to be binding after
22  the conclusion of the Proceedings, except that a party may seek the written permission of the
23  producing party or further order of the Court with respect to dissolution or modification of such
24  protective order.

25        16.    This Court shall retain jurisdiction over the parties, their respective attorneys,
26  experts, employees and any other persons receiving protected Confidential Material, for
27  enforcement of the provision of this Order following termination of this litigation.

28  Respectfully submitted:

BAYUK & ASSOCIATES, INC.
Attorneys At Law
5170 Golden Foothill Parkway
El Dorado Hills, CA 95762

Stipulation & Order re
Confidentiality and/or Protective Order

5

2:11-CV-00642-KJM-EFB

**IT IS SO STIPULATED**

BAYUK & ASSOCIATES, Inc.

Dated: November 20, 2014          By:          *s/ Christopher W. Bayuk*
                                               By: Christopher W. Bayuk, Attorneys for
                                               Plaintiff: Sonika J.E. Tinker


AKERMAN, LLP

Dated: November 20, 2014          By:          *s/ Ashley Calhoun*
                                               By: Ashley Calhoun, Esq.
                                               Justin D. Balser, Esq., Attorneys for
                                               Defendant: Aurora Loan Services, LLC


The Court having considered the foregoing stipulation between the parties hereby makes the following Order(s):

**IT IS HEREBY ORDERED**, that this Stipulation for Confidentiality and/or Protective Order be filed and entered this date.

Dated:   December 10, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE