1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SONIKA TINKER,                              No.  2:11-cv-00642-KJM-EFB

12                 Plaintiff,

13        v.                                     ORDER

14   AURORA LOAN SERVICES; and DOES
     1 THROUGH 20,

15

16                 Defendant.

17              This matter is before the court on the motion by plaintiff Sonika J.E. seeking leave

18   to file a sixth amended complaint, to amend the court's scheduling order, and requesting the court

19   take judicial notice.  Pl.'s. Mot., ECF No. 126.  Plaintiff also seeks reconsideration of the court's

20   previous dismissal of her wrongful foreclosure claim against defendant Aurora Loan Services,

21   LLC (Aurora).  *Id*.  Defendant has filed an opposition and its own request for judicial notice.

22   ECF Nos. 130, 131.  The court decides the matter without a hearing, and for the following

23   reasons, DENIES plaintiff's motions for leave to file an amended complaint and for

24   reconsideration.  It GRANTS both parties' request for judicial notice.  The motion to amend the

25   scheduling order is DENIED AS MOOT in light of the court's granting of the parties' stipulation

26   on March 10, 2015.  ECF No. 138.

27   /////

28   /////

                                                  1

1

I.        GENERAL BACKGROUND

2              The court previously has reviewed in detail the factual context of the case through

3    several rounds of motion practice.  *See* ECF Nos. 56, 75, 94.  The claims in the operative

4    complaint arise from a $600,000 loan obtained by plaintiff Tinker from Greenpoint Mortgage

5    Funding, Inc. in April 2007.  *See* Letter from Aurora Loan Services, Ex. B., Fifth Amended

6    Complaint (5AC), ECF No. 106.  The loan was secured by a deed of trust recorded against real

7    property located at 1977 Green Meadow Lane in Meadow Vista, California.  *Id.*  On or about July

8    2007, plaintiff learned Aurora would control the servicing rights of the note and deed of trust, and

9    all payments should be made to Aurora.  Pl.'s Mem. P. & A. in Supp. Mot., ECF No. 126-1

10   (Mem. P. & A.) at 2.  Plaintiff's remaining fraud claims are based on the allegation Aurora

11   induced her to enter into three forbearance and "workout" agreements and to make payments to

12   Aurora in excess of her monthly mortgage.  5AC at 8.  It is undisputed Aurora purchased the

13   property after plaintiff defaulted (ECF No. 130, Ex. 7) and quitclaimed the property to Nationstar

14   Mortgage LLC on December 4, 2013 (ECF No. 130, Ex. 8).

15             Plaintiff seeks two days from the date of this order to file a sixth amended

16   complaint to state causes of action for (1) fraud; (2) violation of 42 U.S.C. § 3205 and California

17   Civil Code § 51, Gender/Sex Discrimination; (3) breach of contract; (4) breach of the covenant of

18   good faith and fair dealing; (5) negligence; (6) promissory estoppel; (7) violation of California

19   Civil Code §§ 2923.6(c) and 2923.6(e)(1)(2); (8) wrongful foreclosure; and (9) violations of

20   California Business and Professions Code §§ 17200 *et seq.*  Mot. at 2.  Plaintiff also seeks thirty

21   days to serve proposed new defendant Nationstar Mortgage, LLC, which has recently acquired

22   defendant Aurora; a modification of the scheduling order to extend the time by no more than

23   forty-five days to conduct factual discovery on the issues raised in the sixth amended complaint;

24   and reconsideration of the court's prior dismissal of the original wrongful foreclosure claim, on

25   the basis of an intervening change of law.  *Id.* at 2; Mem. P. & A. at 13.  Plaintiff argues "no

26   prejudice will befall the defendant" if the motion is granted and "there are no dispositive motions

27   pending before the court."  Mem. P. & A. at 9.

28   /////

2

1        II.        JUDICIAL NOTICE

2                Plaintiff asks the court to take judicial notice of pleadings and orders filed in

3    Placer County Superior Court related to the unlawful detainer action pending in that court.  Pl.'s

4    Req. for Judicial Notice, ECF No. 126-2.  Defendant asks the court to take judicial notice of a

5    number of documents recorded in Placer County, all relating to the acquisition of and foreclosure

6    on 1977 Green Meadow Lane.  Defs.' Req. for Judicial Notice, Exs. 1-8.  Specifically,

7    defendant's requested documents are: the Deed of Trust, signed by plaintiff and recorded on April

8    17, 2007; Corporate Assignment of Deed of Trust, dated December 15, 2008 and recorded on

9    September 2, 2010; the Notice of Default and Election to Sell Under Deed of Trust, dated and

10   recorded on December 15, 2008; Substitution of Trustee dated December 15, 2008 and recorded

11   on January 28, 2009; Notice of Trustee's Sale dated March 16, 2009, and recorded the next day;

12   Trustee's Deed Upon Sale, dated April 14, 2011 and recorded April 18, 2011; and a Quitclaim

13   Deed, dated April 11, 2012 and recorded on December 4, 2013.

14               Under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice

15   of adjudicative facts "not subject to reasonable dispute" because they are "capable of accurate and

16   ready determination by resort to sources whose accuracy cannot reasonably be questioned."

17   Neither party objects to the court's consideration of these documents, most of which are attached

18   to the complaint.  All are public records.  The court GRANTS both parties' requests.  *Lee v.*

19   *County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (court may take judicial notice of

20   matters of public record).

21       III.      PROCEDURAL HISTORY

22               On March 8, 2011, Tinker and former plaintiff Christian Pederson filed an action

23   against Aurora Loan Services, LLC and Mortgage Electronic Registration Systems (MERS), as

24   well as against Greenpoint Mortgage Funding, Inc., Marin Conveyancing Corp., Quality Loan

25   Service Corp., LSI Title Company, Greenpoint Mortgage Funding Trust Mortgage Pass-Through

26   Certificates, Series 2007-ARI, and twenty Doe defendants, alleging violations of the

27   Homeowners Equity Protection Act (HOEPA), 15 U.S.C. § 1639, *et seq.*; the Real Estate

28   Settlement Procedures Act (RESPA), 12 U.S.C. § 2601, *et seq.*; the Truth in Lending Act (TILA),

1  15 U.S.C. § 1601, *et seq*. and Regulation Z § 226.4; fraudulent misrepresentation; breach of

2  fiduciary duty; unjust enrichment; civil conspiracy; RICO; quiet title; usury and fraud; wrongful

3  foreclosure; and breach of trust instruments.  ECF No. 2.

4          On April 7, 2011, plaintiffs filed a motion for a temporary restraining order,

5  alleging that a trustee's sale of their house was scheduled for April 11, 2011, but that defendants

6  did not have the legal authority to foreclose on plaintiffs' property.  ECF No. 9.  Although

7  plaintiffs gave defendants notice of their application for a restraining order, defendants did not

8  respond.  ECF No. 14.  The court denied the application on April 8, 2011.  ECF No. 15.

9  Defendants Aurora and MERS then filed a motion to dismiss and to expunge a *lis pendens* on

10  April 15, 2011.  ECF Nos. 16, 17.  On April 20, 2011, plaintiffs filed a motion for a preliminary

11  injunction, ECF No. 19, and on the same day, defendants Quality Loan Service Corporation and

12  LSI Title Company filed Declarations of Non-Monetary Status under California Civil Code

13  § 2924l.  ECF No. 18.  On May 18, 2011, plaintiffs objected to these declarations.  ECF No. 34.

14          On August 29, 2011, the court granted defendants' motion to dismiss, allowing

15  plaintiff Tinker leave to file an amended complaint as to some of the claims; overruled plaintiff's

16  objections to Quality and LSI Title's declaration of non-monetary status; denied the motion to

17  expunge the *lis pendens* and denied plaintiffs' motion for a preliminary injunction.  ECF No. 56.

18          Plaintiffs filed their first amended complaint (FAC) on September 16, 2011,

19  stating claims for: (1) TILA violations; (2) RESPA violations; (3) fraud; (4) unjust enrichment;

20  (5) civil RICO violations; (6) wrongful foreclosure; and (7) quiet title.  ECF No. 57.  On

21  September 30, 2012, the court granted defendant's motion to dismiss, dismissing defendant

22  Greenpoint and granting plaintiffs leave to file an amended complaint as to the fraud claim

23  against defendant Aurora only.  ECF Nos. 58, 59, 75.

24          Plaintiffs filed their second amended complaint on October 22, 2012 (ECF No. 76)

25  stating a single claim for fraud, but alleging six individual fraudulent communications.  *Id*. ¶¶ 42–

26  66.  The first three such representations are workout agreements, which plaintiffs allege falsely

27  represent they would be considered for a loan modification and that the payments would be

28  applied to the arrearage.  *Id*. ¶¶ 42–44.  The fourth representation is that plaintiffs were in default.

1  *Id*. ¶¶ 45–46.  The fifth representation is that Aurora had considered plaintiffs for a HAMP

2  (Home Affordable Modification Program) loan.  *Id*. ¶¶ 47–60.  The sixth representation is that

3  Aurora had authority to foreclose on plaintiff's home.  *Id*. ¶ 61.  Defendant Aurora moved to

4  dismiss this complaint on December 5, 2012, arguing that the complaint exceeded the scope of

5  amendment the court had allowed; failed to meet the requisite specificity requirements, failed to

6  allege the elements of fraud, and that one plaintiff lacked standing.  ECF No. 79.  The court

7  granted the motion as to plaintiff Pederson, dismissed him, and denied the motion as to the fraud

8  claim; it struck the fourth, fifth, and sixth alleged misrepresentations, however, with leave to

9  amend only as to the fifth.  ECF No. 85.

10          Plaintiff filed a third amended complaint on August 13, 2013.  ECF No. 86.

11  Defendant Aurora moved to dismiss it on August 27, 2013, arguing the fourth misrepresentation

12  lacked specificity.  ECF No. 87.  The court granted the motion on October 15, 2013.  ECF No. 94.

13          Plaintiff filed a fourth amended complaint on October 31, 2013 and, subject to the

14  parties' stipulation, the operative fifth amended complaint on January 17, 2014.  ECF Nos. 97,

15  103, 106.  Defendant answered on January 30, 2014.  ECF No. 107.

16          On May 6, 2014, after a pretrial scheduling conference, the court issued its pretrial

17  scheduling order.  ECF No. 114.  The court later granted the parties' joint request to amend the

18  scheduling order and continued the discovery cut-off to March 6, 2015.  *See* ECF No. 121.  On

19  March 10, 2015, the court again granted the parties' stipulation to amend the scheduling order and

20  reset the deadlines as follows: expert disclosures shall be made by March 23, 2015; discovery

21  completed by April 6, 2015; supplemental expert disclosures made by April 6, 2015; expert

22  discovery completed by April 30, 2015; and all dispositive motions heard no later than June 29,

23  2015.  ECF No. 138.

24          The present motion, prepared by new counsel plaintiff retained in October 2014,

25  was filed on December 3, 2014.

26  /////

27  /////

28  /////

5

1    IV.    <u>ANALYSIS</u>

2        A.    Amending Complaint

3            1.    Standard

A party seeking leave of court to amend a pleading, with implications for the schedule of a case, must first satisfy Federal Rule of Civil Procedure 16(b)'s "good cause" standard. *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 608–09 (9th Cir. 1992).  This good cause evaluation "is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Id.* at 609.  Distinct from Rule 15(a)'s liberal amendment policy, Rule 16(b)'s good cause standard focuses primarily on the diligence of the moving party, *id*., and that party's reasons for seeking modification, *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011).

If good cause exists, the party next must satisfy Rule 15(a).  *Cf. Johnson*, 975 F.2d at 608 (citing approvingly *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987), for its explication of this order of operations).  Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give leave [to amend its pleading] when justice so requires," and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).  "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).  However, "the liberality in granting leave to amend is subject to several limitations.  Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon*, 866 F.2d at 1160 (internal citations omitted).  A proposed amendment, brought before the close of discovery, is futile and should be denied if no set of facts can be proven under the amendment that would constitute a valid and sufficient claim. *Miller v. Rykoff-Sexton*, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (concluding that the proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one

6

1    used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)). The district

2    court's discretion to deny leave to amend is particularly broad where plaintiff has previously

3    amended the complaint. *Ascon,* 866 F.2d at 1160; *see also Francis v. California*, 303 F. App'x

4    427, 429 (9th Cir. 2008) (holding district court did not abuse its discretion by denying leave to

5    file a fifth amended complaint).

6                    2.       Discussion

7            Plaintiff argues good cause exists for granting a sixth amendment because

8    (1) recent case law supports the proposed additional claims, (2) a new party should be added to

9    the action, (3) defendant will not be prejudiced, and (4) there are no dispositive motions pending.

10   Mem. P. & A. at 18.  Plaintiff offers cases decided in 2012 and 2013 "correcting the injustices

11   caused to . . . homeowners" and addressing the obligations of lenders and borrowers under

12   HAMP.  *Id*. at 19.

13           Defendant responds plaintiff did not show diligence because plaintiff waited until

14   two months before the close of discovery to file the motion, does not identify any recently

15   discovered facts, and the court has already provided ample opportunity for plaintiff to state her

16   claims. Opp'n at 5.  Defendant further argues that even if Rule 16's diligence standard is met,

17   plaintiff fails to satisfy the Ninth Circuit's Rule 15 factors: undue delay, prejudice, futility of

18   amendment, and bad faith.  *Id*. at 6 (citing *Loehr v. Ventura County Cmty. Coll. Dist*., 743 F.2d

19   1310, 1319 (9th Cir. 1984)).  Defendant argues plaintiff does not prevail on any factor except bad

20   faith.

21           Under Rule 16, the court first looks to whether plaintiff has shown good cause and

22   diligence in seeking amendment.  Plaintiff has had access to the same facts pled in the proposed

23   new complaint since 2011; none of her additional claims is based on newly discovered facts.

24   Plaintiff's new false representation claims are based on representations made in 2009 and early

25   2010.  Plaintiff does explain why these misrepresentations were undiscoverable until now.  She,

26   in fact, concedes that "the facts certainly existed and were known."  Reply at 2.  Plaintiff has not

27   shown diligence in pursuing her new claims, and therefore does not satisfy the requirements of

28   Rule 16(b).  Plaintiff also cites case law to support her assertion that "intervening law" justifies

                                                    7

1    amendment.  She says specifically that her new claims are made on "the basis of change in

2    controlling law," and that because "case law was developing," she now has "additional viable

3    claims."  Reply at 3.  The "new" decisions she cites, however, are from one to two years ago.  *See*

4    *West v. JPMorgan Chase Bank, N.A.*, 214 Cal. App. 4th 780, 792 (2013); *Rufini v. CitiMortgage,*

5    *Inc.*, 227 Cal. App. 4th 299, 301 (2014); *Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872

6    (2013).  Moreover, they do not represent a change in law material to plaintiff's claims.  Rather,

7    they confirm the court's interpretation of HAMP as applied in prior orders.  That plaintiff has a

8    relatively new attorney does not, by itself, supply the requisite good cause.  *See Tapia v. Woods*,

9    2007 WL 3047106, at *1 (E.D. Cal. Oct. 17, 2007) (prior proceedings and orders "are not to be

10   set aside or disregarded because an attorney new to the case has different ideas" than prior

11   counsel).

12          Even if plaintiff could show good cause for amendment, Rule 15 weighs against

13   granting leave to amend.  In evaluating Rule 15's undue delay factor, the Ninth Circuit looks to

14   "whether the moving party knew or should have known the facts and theories raised by the

15   amendment in the original pleading."  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir.

16   1990).  Delay is not measured in years: an eight month delay between the time of obtaining a

17   relevant fact and seeking a leave to amend has been found unreasonable.  *AmerisourceBergen*

18   *Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (9th Cir. 1991).  Here, plaintiff has

19   known of the same facts since first filing her case in 2011.  Her new allegations are based on the

20   same actions giving rise to plaintiff's current and dismissed causes of action.  *See Pullano v.*

21   *NaphCare*, 2014 WL 4704587, at *4 (D. Nev. Sept. 23, 2014) ("[T]he Court will not grant leave

22   to amend if the allegedly new evidence was available or reasonably obtainable with due diligence

23   at an earlier time.").  Finally, amendment would prejudice defendant who would have to defend

24   and file an answer to an additional nine claims at this late stage.  *Ascon*, 866 F.2d at 1161.

25          Plaintiff also requests the court add Nationstar as a defendant "by virtue of its own

26   independent actions" and as successor in interest to the property.  Mot. at 5.  Nationstar claimed

27   title to the property in a quitclaim deed dated April 11, 2012, and recorded on December 4, 2013.

28   Ex. 8, Def.'s Req. for Judicial Notice, ECF No. 130.  In her proposed sixth amended complaint,

1    plaintiff alleges Nationstar and Aurora are now one entity, "with a community of interest such

2    that the prior acts of Aurora were and are the acts of Nationstar" as of "approximately the second

3    and/or third quarter of 2012." Proposed 6AC ¶ 62, ECF No. 127. Defendant responds plaintiff

4    does not plead any elements of successor in interest liability, and Nationstar is therefore not a

5    proper defendant. Opp'n at 9.

6           Plaintiff in fact does not plead the elements of successor liability. "Successor

7    liability applies if (1) the successor expressly or impliedly agrees to assume the subject liability

8    . . ., (2) the transaction amounts to a consolidation or merger of the successor and the

9    predecessor, (3) the successor is a mere continuation of the predecessor, or (4) the transfer of

10   assets to the successor is for the fraudulent purpose of escaping liability for the predecessor's

11   debts." *City of Los Angeles v. Wells Fargo & Co*., 2014 WL 2206368 (C.D. Cal. May 28, 2014).

12   That Nationstar now owns the property does not make it liable for Aurora's alleged

13   misrepresentations. The bare statement in plaintiff's proposed sixth amended complaint that "in

14   or about June 2012, Aurora, and Aurora bank were purchased, acquired, and/or otherwise merged

15   into Nationstar" (Proposed 6AC ¶ 52) is insufficient to state a claim of successor liability. *Silva*

16   *v. Saxon Mortgage Servs. Inc*., No. 2:11-CV-03125, 2012 WL 2450709, at *4 (E.D. Cal. June 26,

17   2012) (dismissing a claim for successor liability where plaintiff "merely states that [proposed

18   defendant] is sued as a successor-in-interest," "and that [proposed defendant] bought the subject

19   loan from [defendant]"). The request to add defendant Nationstar is denied.

20          B.      Reconsideration

21                  1.      Standard

22          Under Rule 59(e), a party may move to "alter or amend a judgment" within

23   twenty-eight days of the entry of the judgment. The motion to dismiss was decided over two

24   years ago, on September 30, 2012. ECF No. 75. An untimely motion for reconsideration is

25   treated as a Rule 60(b) motion for relief from a judgment or order. *Am. Ironworks & Erectors,*

26   *Inc. v. N. Am. Const. Corp*., 248 F.3d 892, 899 (9th Cir. 2001) ("The motion here was filed well

27   past ten days after the judgment, so it is properly construed as a Rule 60(b) motion."). A court

28   /////

considering a motion under Rule 60(b) may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic, misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void; the judgment has been satisfied, released, or discharged;
>
> (5) it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

When considering a motion under Rule 60(b) based on an intervening change in the law, the Ninth Circuit has directed district courts to balance numerous factors on a case-by-case basis. *Phelps v. Alameida*, 569 F.3d 1120, 1133 (9th Cir. 2009); *see Cross v. Benedetti*, No. 3:08-CV-00403, 2012 WL 3252863, at *1 (D. Nev. Aug. 7, 2012 ) ("There is no per se rule, however, one way or the other; and the issue turns on a case-by-case inquiry."). A court need not amend its previous orders "when the change in decisional law does not undercut its basis." *Mickelson v. Chase Home Fin*. LLC, 901 F. Supp. 2d 1286, 1288 (W.D. Wash. 2012); *see also Cross*, 2012 WL 3252863, at *2 (denying reconsideration where the court "would have reached the same conclusion on the record presented in this case even if [the new case law] had been on the books and had been relied upon by petitioner at the time of the April 2, 2009, dismissal of this case."); *Norwood v. Vance*, 2011 WL 6293189, at *3 (E.D. Cal. Dec. 15, 2011) (same), *report and recommendation adopted*, 2012 WL 394227 (E.D. Cal. Feb. 6, 2012), *aff'd*, 517 F. App'x 557 (9th Cir. 2013); *Preminger v. Shinseki*, 2010 WL 2077151, at *3 (N.D. Cal. May 21, 2010) (same).

/////

/////

10

1          2.      Discussion

2          Plaintiff requests the court reconsider its prior dismissals in light "of the change of

3   law" "for wrongful foreclosure based upon [defendant's] clear intention to never approve/qualify

4   her for loan modification, despite repeated assurances." Mem. P. & A. at 11.

5          The wrongful foreclosure claim was dismissed on September 30, 2012.  ECF

6   No. 75.  Defendant does not address plaintiff's request for reconsideration of the wrongful

7   foreclosure claim or the specified case law, but responds only that the wrongful foreclosure claim

8   is now time-barred.  Opp'n at 17.

9          The "new" case law cited by plaintiff, particularly the decisions in *Corvello*,

10  728 F.3d 878, and *West*, 214 Cal. App. 4th 780, does not warrant reconsideration of her wrongful

11  foreclosure claim.  *West* did not hold that a borrower who was originally denied a temporary loan

12  modification could sue the loan servicer for wrongful foreclosure.  Instead, *West* relied on the

13  HAMP guidelines simply to evaluate "the reasonable expectations of the parties" and to help in

14  its application of the TPP agreement.  *Id*. at 798.  The *Corvello* court*,* interpreting HAMP*,*

15  reversed a district court's finding that the language of an existing TPP between the parties did not

16  require a loan modification.  Here, plaintiff's allegations could not support an ultimate finding

17  that there was a contract between plaintiff and defendant to provide plaintiff with any sort of loan

18  modification whatsoever.

19         None of the new cases cited by plaintiff addresses the specific reason the court

20  dismissed plaintiff's wrongful foreclosure claim: inability to tender.  The court previously

21  concluded that a claim for wrongful foreclosure could not proceed in its current state because the

22  plaintiff "had not alleged the ability to tender, which is an element of a claim of wrongful

23  foreclosure" and granting leave to amend conditioned upon plaintiff's demonstration that "they

24  can in good faith allege that they have the willingness and ability to meet the tender requirement."

25  *See* ECF No. 75 at 15–16.  Plaintiff's wrongful foreclosure claim as pleaded in the new proposed

26  complaint remains factually deficient.  Amendment would be futile.

27         Nor does the "new" case law provide previously untested grounds for a claim that

28  improperly assigned and recorded loans provide a basis for voiding them altogether.  The court

1   previously dismissed plaintiff's allegations supporting wrongful foreclosure, namely, that

2   MERS's corporate assignment of the beneficial interest to Aurora was improperly assigned and

3   recorded.  ECF No. 75 at 16; *see also* FAC ¶ 45; ECF No. 60-1 at 48–49 (assignment signed by

4   Rein in 2008, notarized in 2010 and then recorded).  Plaintiff's cited cases do not undercut the

5   previous order dismissing the wrongful foreclosure claim.   The request for reconsideration is

6   DENIED.

7        V.    <u>CONCLUSION</u>

8        Plaintiff's motions for leave to amend and for reconsideration of the court's

9   previous order (ECF No. 126) are DENIED.  The motion to modify the scheduling order is

10   rendered MOOT by the stipulation approved by the docket entry at ECF No. 138.

11        IT IS SO ORDERED.

12   DATED:  April 7, 2015.

13

14                            _____

15                            UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28